# EXHIBIT A
# TO NOTICE OF REMOVAL

 CT Corporation

**Service of Process Transmittal**
12/03/2018
CT Log Number 534502767

TO:     Howard Harris
        BMW of North America, LLC
        300 Chestnut Ridge Road
        Woodcliff Lake, NJ 07677-7731

RE:     **Process Served in California**

FOR:    BMW of North America, LLC   (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | SIMON KATZ, PLTF. vs. BMW OF NORTH AMERICA, LLC, ET AL., DFTS. |
| **DOCUMENT(S) SERVED:** | SUMMONS, COMPLAINT, EXHIBIT(S), |
| **COURT/AGENCY:** | San Mateo County - Superior Court - Redwood City, CA<br>Case # 18CIV06345 |
| **NATURE OF ACTION:** | Product Liability Litigation - Lemon Law - 2017 BMW M3, VIN-WBS8M9C50H5G42179 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/03/2018 at 10:49 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 calendar days after this summons and legal papers are served on you |
| **ATTORNEY(S) / SENDER(S):** | Michael S. Humphries<br>Law Office of Michael S. Humphries<br>1400 Ocean Avenue<br>Seal Beach, CA 90740<br>562-493-0289 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/03/2018, Expected Purge Date: 12/08/2018<br><br>Image SOP<br><br>Email Notification,  Barry Chen  Barry.chen@bmwnaext.com<br><br>Email Notification,  Diane Carbone  Diane.Carbone@bmwna.com<br><br>Email Notification,  Gino Palacios  Gino.Palacios@bmwnaext.com<br><br>Email Notification,  WR Litigation  WR_LITIGATION@bmwna.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / FA

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

12/7/2018   10:07 am

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BMW OF NORTH AMERICA, LLC, PETER PAN BMW, and DOES 1-20

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SIMON KATZ

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ENDORSED FILED**
**SAN MATEO COUNTY**

NOV 2 7 2018

Clerk of the Superior Court
By _MIRNA P. RIVERA-MARTINEZ_
DEPUTY CLERK

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: *(Número del Caso)* |
|---|---|
| *(El nombre y dirección de la corte es):* SUPERIOR COURT OF THE STATE OF CA, FOR THE COUNTY OF SAN MATEO, 400 County Center, Redwood City, California 94063 | 18CIV06345 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
LAW OFFICE OF MICHAEL S. HUMPHRIES, 1400 Ocean Avenue, Seal Beach, CA 90740 (562) 493-0289

**BY FAX**

**MIRNA P. RIVERA-MARTINEZ**

| DATE: *(Fecha)* NOV 2 7 2018 | Clerk, **NEAL TANIGUCHI** *(Secretario)* | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* BMW OF NORTH AMERICA, LLC

   under: ☑ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☑ by personal delivery on *(date):* 12/3/2018

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1  LAW OFFICE OF MICHAEL S. HUMPHRIES
   Michael S. Humphries, SBN 182407
2  1400 Ocean Avenue
   Seal Beach, California 90740
3  (562) 493-0289 Phone
   (562) 493-0371 Fax
4

5

6  Attorney for Plaintiff
   SIMON KATZ

7

8

**ENDORSED FILED**
**SAN MATEO COUNTY**

NOV 2 7 2018

Clerk of the Superior Court
By MIRNA P. RIVERA-MARTINEZ
DEPUTY CLERK

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN MATEO**

| | |
|---|---|
| 11  SIMON KATZ, | ) Case No. **18CIV06345** |
| 12                   Plaintiff, | ) |
| 13         v. | ) **COMPLAINT FOR DAMAGES BASED** |
| | ) **ON VIOLATIONS OF SONG-BEVERLY** |
| 14 | ) **CONSUMER WARRANTY ACT** |
| BMW OF NORTH AMERICA, LLC, | ) |
| 15  PETER PAN BMW, | ) |
| and DOES 1-20 | ) |
| 16 | ) |
| 17                   Defendants. | ) **BY FAX** |

18  PLAINTIFF SIMON KATZ ALLEGES:

19

20                                    I

21

22      Plaintiff entered into the contract in the above-entitled case in

23  the City of San Mateo, County of San Mateo, State of California.

24  ///

25  ///

26  ///

27

28

                                    1

                     **COMPLAINT FOR DAMAGES**

**II**

1. Defendant, BMW OF NORTH AMERICA, LLC, and DOES 1 to 10 is and at all times herein mentioned was a corporation organized and existing under the laws of the State of California.

2. Defendant, PETER PAN BMW, and DOES 11 to 20 is and at all times herein mentioned was a corporation organized and existing under the laws of the State of California.

**FIRST CAUSE OF ACTION - BREACH OF EXPRESS WARRANTY VIOLATION OF SONG-BEVERLY CONSUMER WARRANTY ACT AGAINST DEFENDANT BMW OF NORTH AMERICA, LLC, AND DOES 1-10.**

**I**

In or about the year 2017, BMW OF NORTH AMERICA, LLC manufactured the following new motor vehicle: a 2017 BMW M3, Serial Number WBS8M9C50H5G42179. BMW OF NORTH AMERICA, LLC manufactured this new motor vehicle for its eventual lease to retail lessees. Defendants BMW OF NORTH AMERICA, LLC and DOES 1-10, and each of them, appended to such vehicle an express warranty; undertaking to preserve or maintain the utility or performance of the vehicle by means of a written statement designed to accompany the product.

///
///
///
///

2

**COMPLAINT FOR DAMAGES**

**II**

On or about May 12, 2017, in San Mateo, California, a retail merchant, PETER PAN BMW, leased the subject vehicle to the Plaintiff for Plaintiff's personal use, at retail for the amount of $91,537.06. A true copy of the lease contract between the parties is attached hereto as Exhibit A and made a part hereof by reference.

**III**

In connection with the lease, Plaintiff received the express warranty of the manufacturer in that the written statement of Defendants, BMW OF NORTH AMERICA, LLC and DOES 1-10, and each of them, described above, accompanied the product.

**IV**

Within the express warranty period, Plaintiff discovered that said automobile failed to conform to the manufacturer's and retailer's specifications, in that the 2017 BMW M3 was defectively manufactured, designed or assembled. Plaintiff thereon attempted to act on Defendants' express warranty, as subject to the requirements of the Song-Beverly Act, under which Defendants BMW OF NORTH AMERICA, LLC and DOES 1-10, and each of them, were required to and did maintain local service and repair facilities.

///
///

3

**COMPLAINT FOR DAMAGES**

**V**

However, within the express warranty period Defendants, BMW OF NORTH AMERICA, LLC and DOES 1-10, and each of them, willfully violated the provisions of the Song-Beverly Consumer Warranty Act and breached the express warranty made to Plaintiff, in that Defendants BMW OF NORTH AMERICA, LLC and DOES 1-10, and each of them, failed to conform the vehicle to their express warranty within a reasonable number of attempts or within 30 days. Also, BMW OF NORTH AMERICA, LLC and DOES 1-10, and each of them, failed to return the consideration paid by Plaintiff, or failed to replace the defective automobile. Plaintiff performed all conditions precedent necessary to require the contractual performance of services by Defendants.   Within the express warranty period, Plaintiff gave notification to Defendants of their express warranty breach, but Defendants, although receiving such notification, failed to replace such automobile or return consideration paid, although Plaintiff persisted in reminding Defendants of their warranty obligations.

**VI**

Plaintiff was damaged as a result of such willful breach and violation in that Plaintiff is obligated to the lender , under the lease contract, in the amount of $91,537.06.

///
///
///

4

**COMPLAINT FOR DAMAGES**

1                              **VII**

2

3      By reason of Defendants' failure to restore the consideration paid

4 by Plaintiff, Plaintiff has been specifically damaged in the sum of

5 $91,537.06. Pursuant to California Civil Code Section 1794, Plaintiff

6 is entitled to actual damages and a civil penalty which shall not exceed

7 two times the amount of actual damages and reasonable attorney fees

8 according to proof.

9

10                 **SECOND CAUSE OF ACTION - BREACH OF IMPLIED WARRANTY**

                **VIOLATION OF SONG-BEVERLY CONSUMER WARRANTY ACT**

11                 **AGAINST DEFENDANT BMW OF NORTH AMERICA, LLC, PETER**

                **PAN BMW   AND DOES 1-20.**

12

13

14                                 **I**

15

16      Plaintiff refers to the First Cause of Action and incorporates it

17 as a part hereof.  In or about the year 2017, BMW OF NORTH AMERICA, LLC

18 manufactured the following new motor vehicle:  a 2017 BMW M3, Serial

19 Number WBS8M9C50H5G42179. BMW OF NORTH AMERICA, LLC manufactured this

20 new motor vehicle for its eventual lease to retail lessees.  Defendants

21 BMW OF NORTH AMERICA, LLC and PETER PAN BMW appended to such vehicle an

22 express warranty; undertaking to preserve or maintain the utility or

23 performance of the vehicle by means of a written statement designed to

accompany the product.

24

25 ///

26 ///

27 ///

///

28

**COMPLAINT FOR DAMAGES**

II

On or about May 12, 2017, in San Mateo, California, a retail merchant, PETER PAN BMW, leased the subject vehicle to the Plaintiff for Plaintiff's personal use, at retail for the amount of $91,537.06.   A true copy of the lease contract between the parties is attached hereto as Exhibit A and made a part hereof by reference.

III

In connection with the lease, Plaintiff received the express warranty of the manufacturer in that the written statement of Defendants, BMW OF NORTH AMERICA, LLC and PETER PAN BMW and DOES 1-20 described above, accompanied the product.  In addition and by operation of law, the vehicle came accompanied by the implied warranties of merchantability and fitness for a particular purpose of defendants BMW OF NORTH AMERICA, LLC, PETER PAN BMW and DOES 1-20, and each of them.

IV

Within the implied warranty period, Plaintiff discovered that said automobile failed to conform to the manufacturer's and retailer's specifications, in that the 2017 BMW M3 was defectively manufactured, designed or assembled and the subject vehicle was not merchantable and not fit for its ordinary, intended or particular purpose.

///

///

6

COMPLAINT FOR DAMAGES

**V**

However, within the implied warranty period Defendants, BMW OF NORTH AMERICA, LLC and PETER PAN BMW and DOES 1-20, and each of them, violated the provisions of the Song-Beverly Consumer Warranty Act and breached the implied warranties made to Plaintiff, in that the subject vehicle manufactured by Defendant BMW OF NORTH AMERICA, LLC and leased at retail by Defendant PETER PAN BMW, was defective and not merchantable and not fit for its ordinary, intended or particular purpose.

**VI**

Plaintiff was damaged as a result of such willful breach and violation in that Plaintiff is obligated to the lender , under the lease contract, in the amount of $91,537.06.

**VII**

By reason of Defendants' failure to restore the consideration paid by Plaintiff, Plaintiff has been specifically damaged in the sum of $91,537.06. Pursuant to California Civil Code Section 1794, Plaintiff is entitled to actual damages and a civil penalty which shall not exceed two times the amount of actual damages and reasonable attorney fees according to proof.

///
///
///

7

**COMPLAINT FOR DAMAGES**

1    WHEREFORE, Plaintiff prays for judgment on the First Cause of
2  Action as follows;

3    1.   For three times general damages according to proof as provided
4  by California Civil Code beginning at 1794.

5    2.   For incidental and consequential damages pursuant to Civil
6  Code §1794 (b)(1) and (2) in an amount to be determined by the court.

7    3.   For reasonable attorney's fees as provided by California Civil
8  Code Section 1794.

9    4.   For costs of suit herein.

10   5.   For such other and further relief as the Court may deem
11 proper.

12

13   Plaintiff prays for judgment on the Second Cause of Action as
14 follows;

15   1.   For general damages according to proof as provided by
16 California Civil Code beginning at 1794.

17   2.   For incidental and consequential damages pursuant to Civil
18 Code §1794 (b)(1) and (2) in an amount to be determined by the court.

19   3.   For reasonable attorney's fees as provided by California Civil
20 Code Section 1794.

21   4.   For costs of suit herein.

22   5.   For such other and further relief as the Court may deem
23 proper.

24

25 DATED:   October 30, 2018          By _____
26                                       MICHAEL S. HUMPHRIES
                                         Attorney for Plaintiff

27

28

8

COMPLAINT FOR DAMAGES

# EXHIBIT A

# BMW Financial Services NA, LLC – LEASE AGREEMENT
## Motor Vehicle Lease Agreement (Closed End) - California

| PARTIES | | |
|---|---|---|
| Lessor (Center) Name and Address<br>Peter Pan BMW<br>2695 EL CAMINO REAL<br><br>SAN MATEO CA 94403 | Lessee and Co-Lessee Name and Address<br>Simon Katz<br>23 Pinnacle St<br>South San Francisco CA 94080 | Vehicle Garaging Address (if Different)<br><br>Billing Address (if Different) |

> **THERE IS NO COOLING OFF PERIOD. California law does not provide for a "cooling off" or other cancellation period for vehicle leases. Therefore, you cannot later cancel this lease simply because you change your mind, decided the vehicle costs too much, or wish you had acquired a different vehicle. You may cancel this lease only with the agreement of the lessor or for legal cause, such as fraud.**

**2. Agreement to Lease.** This Motor Vehicle Lease Agreement ("Lease") is entered into between the lessee and co-lessee ("Lessee") and the lessor ("Lessor") named above. Unless otherwise specified, "I," "me" and "my" refer to the Lessee and "you" and "your" refer to the Lessor or Lessor's assignee. "Vehicle" refers to the leased vehicle described below. "Assignee" refers to BMW Financial Services NA, LLC ("BMW FS") or, if this box is checked ☑ to Financial Services Vehicle Trust. BMW FS will administer this Lease on behalf of itself or any assignee. The consumer lease disclosures contained in this Lease are made on behalf of Lessor and its successors or assignees.

**3. Date of Lease, Lease Term and Scheduled Maturity Date.** This Lease is entered into on  05/12/2017  for the scheduled Lease Term of ____36____ months with a Scheduled Maturity Date of  05/12/2020  .

| VEHICLE DESCRIPTION | | | | | | |
|---|---|---|---|---|---|---|
| A. Leased Vehicle<br>☑New ☐Demo ☐Used | Model Year<br>2017 | Make & Model<br>BMW M3 Sedan | VIN<br>WBS8M9C50H5G42179 | | Odometer<br>X0 | Primary ☑Personal, Family or Household<br>Use: ☐Business, Commercial or Agricultural |
| ☐Telephone | ☐CD Player | ☐ | (Specify) ☐ | | (specify) ☐ | (specify) |
| B. Trade-In | Model Year | Make | Model | Agreed Upon Value<br>0.00 | Prior Credit or Lease Balance<br>0.00 | Net Trade-In Value<br>0.00 |

This box is for use by original Lessor and me to memorialize trade-in, turn-in and other individualized agreements. If none, enter "None" or "N/A". Assignee will not be obligated for agreements disclosed in this box.

This Lease is subject to assignee approval within ten days of execution. Otherwise, the Lease shall be void, and Lessee shall return vehicle on demand.

Lessee Initials_____   Lessee Initials_____

| 4. AMOUNT DUE AT LEASE SIGNING OR DELIVERY (Itemized in Section 9) | 5. MONTHLY PAYMENTS | 7. OTHER CHARGES (Not part of my Monthly Payment) | 8. TOTAL OF PAYMENTS (The amount I will have paid by end of Lease Term) |
|---|---|---|---|
| | My first monthly payment of $ 1,025.66 is due on 05/12/2017 followed by 35 payments of $ 1,025.66 due on the 12 day of each month. The total of my monthly payments is $ 36,923.76. | A. Disposition Fee (if I do not purchase the Vehicle) $ 350.00 <br> B. _____ N/A $ 0.00 <br><br> TOTAL $ 350.00 | |
| $ 2,000.00 | | | $ 38,248.10 |

| 9. ITEMIZATION OF AMOUNT DUE AT LEASE SIGNING OR DELIVERY | 10. HOW MY MONTHLY PAYMENT IS DETERMINED AS SHOWN BELOW |
|---|---|
| **A. Amount Due at Lease Signing or Delivery** | **A. Gross Capitalized Cost.** The agreed upon value of the Vehicle |
| 1. Capitalized Cost Reduction $ 184.84 | ($ 81,276.24) and any items I pay for over the Lease Term |
| 2. First Monthly Payment $ 1,025.66 | (such as taxes, fees, service contracts, insurance, and any |
| 3. Refundable Security Deposit $ 0.00 | outstanding prior credit or lease balance) |
| 4. Initial Title Fees $ 0.00 | (See Section 13 for an itemization of this amount). $ 82,201.24 |
| 5. Initial Registration Fees $ 0.00 | **B. Capitalized Cost Reduction.** The amount of any net |
| 6. Initial License Fees $ 649.00 | trade-in allowance, rebate, noncash credit, or cash |
| 7. Sales/Use Tax $ 7.40 | I pay that reduces the Gross Capitalized Cost. – $ 184.84 |
| 8. Acquisition Fee (if not capitalized) $ 0.00 | **C. Adjusted Capitalized Cost.** The amount used in |
| 9. Electronic Vehicle Registration or Transfer Charge (not a governmental fee) (if not capitalized) Paid to: DEALERTRACS $ 29.00 | calculating my Base Monthly Payment. = $ 82,016.40 |
| 10. Sales Tax on Capitalized Cost Reduction $ 17.10 | **D. Residual Value.** The value of the Vehicle at the end of the Lease used in calculating my Base Monthly Payment. $ 54,613.30 |
| 11. Document Processing Charge (not a governmental fee) (if not capitalized) $ 80.00 | **E. Depreciation and any Amortized Amounts.** The amount charged for the Vehicle's decline in value |
| 12. California Tire Fee $ 7.00 | through normal use and for other items paid over the |
| 13. Theft Deterrent Device $ 0.00 | Lease Term. = $ 27,403.10 |
| 14. Theft Deterrent Device $ 0.00 | **F. Rent Charge.** The amount charged in addition to the |
| 15. Surface Protection Product $ 0.00 | Depreciation and any Amortized Amounts. + $ 6,394.42 |
| 16. Surface Protection Product $ 0.00 | **G. Total of Base Monthly Payments.** The Depreciation |
| 17. _____ $ 0.00 | and any Amortized Amounts plus the Rent Charge. = $ 33,797.52 |
| 18. _____ $ 0.00 | **H. Lease Payments.** The number of payments in my Lease. ÷ 36 |
| 19. _____ $ 0.00 | **I. Base Monthly Payment.** = $ 938.82 |
| 20. _____ $ 0.00 | **J. Sales/Use Tax.** + $ 86.84 |
| TOTAL $ 2,000.00 | **K.** _____ + $ 0.00 |
| **B. How the Amount Due at Lease Signing or Delivery Will Be Paid** | **L. Total Monthly Payment.** = $ 1,025.66 |
| 1. Net Trade-in Allowance $ 0.00 | |
| 2. Rebates and Noncash Credits $ 1,000.00 | |
| 3. Amount to be Paid in Cash $ 1,000.00 | |
| TOTAL $ 2,000.00 | |

**Early Termination.** I may have to pay a substantial charge if I end this Lease early. The charge may be up to several thousand dollars. The actual charge will depend on when the Lease is terminated. The earlier I end the Lease, the greater this charge is likely to be.

11. **Excessive Wear and Use.** I may be charged for excessive wear based on your standards for normal use and for mileage in excess of total miles over the scheduled Lease Term of _____ 36,019 miles, at the rate of _____ 30 cents per mile.

12. **Purchase Option at End of Lease Term.** I have an option to purchase the Vehicle ("as is") at the Scheduled Termination of the Lease for its Residual Value of $ 54,613.30. The purchase option price does not include official fees, such as those for taxes, title, registration and license/tags. See Section 27 for more information.

**Other Important Terms.** See all pages of this Lease for additional information on early termination, purchase options, and maintenance responsibilities, warranties, late and default charges, insurance, and any security interest, if applicable.

| 13. ITEMIZATION OF GROSS CAPITALIZED COST | | |
|---|---|---|
| A. Agreed Upon Value of Vehicle as Equipped at the Time of Lease Signing $ 81,276.24 | L. Service Contract | $ 0.00 |
| | M. Prior Credit or Lease Balance* | $ 0.00 |
| B. Agreed Upon Value of Each Accessory and item of Optional Equipment Original Lessor Agrees to Add to the Vehicle after Lease Signing | N. Electronic Vehicle Registration or Transfer Charge (not a governmental fee) | $ 0.00 |
| _____ $ 0.00 | O. Acquisition Fee | $ 925.00 |
| _____ $ 0.00 | P. Other _____ | $ 0.00 |
| _____ $ 0.00 | Q. Other _____ | $ 0.00 |
| _____ $ 0.00 | R. Other _____ | $ 0.00 |
| | S. Other _____ | $ 0.00 |
| C. Total Agreed Upon Value of Vehicle $ 81,276.24 | T. Other _____ | $ 0.00 |
| D. Initial Title, License & Registration Fees $ 0.00 | U. Other _____ | $ 0.00 |
| E. Sales/Use Tax $ 0.00 | V. Other _____ | $ 0.00 |
| F. Federal Luxury Tax $ 0.00 | W. Other _____ | $ 0.00 |
| G. Sales Tax on Capitalized Cost Reduction $ 0.00 | X. Other _____ | $ 0.00 |
| H. Document Processing Charge (not a governmental fee) $ 0.00 | Y. Other _____ | $ 0.00 |
| I. Maintenance Agreement $ 0.00 | TOTAL GROSS CAPITALIZED COST (C through Y) $ 82,201.24 | |
| J. Mechanical Breakdown Protection $ 0.00 | *Leave blank unless Lessor has paid prior credit or lease balance. | |
| K. Extended Warranty $ 0.00 | | |

22044 (06/13) (CA)

## ESTIMATED OFFICIAL FEES AND TAXES

$ _4,461.74_ This is an estimate of the total amount I agree to pay for official and license fees, registration, title and taxes (including personal property taxes) over the Lease Term, whether included in my Monthly Payment, Amount Due at Lease Signing or Delivery, or separately billed. The actual total of Official Fees and Taxes may be higher or lower, depending on the tax rates in effect or the value of the Vehicle at the time a fee or tax is assessed. This estimate is based on my Garaging Address and may increase if I move or if tax rates change. For some of these items, you may invoice me after the taxing authority has billed you, sometimes after the lease terminates.

## OPTIONAL PRODUCTS AND SERVICES

I am not required to buy any of the optional products and services listed below. These products and/or services will not be provided unless I check the appropriate box, fill in all necessary information, initial below and I am accepted by the Provider. Because these products and/or services are not provided by the Lessor, I understand that I must pursue all related matters, including refunds, through the listed Provider. By initialing below, I agree that I have received and have a notice of the terms of the product or service and I want to obtain the product or service for the charge shown. A portion of the charge may be retained by Lessor (Center).

| ☐ Maintenance Agreement | | | |
| --- | --- | --- | --- |
| | Provider | Term (Months) 0 | Charge $ 0.00 | Lessee/Co-Lessee Initials |
| ☐ Mechanical Breakdown Protection | | | |
| | Provider | Term (Months) | Charge $ 0.00 | Lessee/Co-Lessee Initials |
| ☐ | | | |
| | Provider | Term (Months) 0 | Charge $ 0.00 | Lessee/Co-Lessee Initials |

**Mileage Allowance/Refund.**

_36,019_ I agree to this Mileage Allowance for the term of this Lease. My Monthly Payment and Residual Value for this Lease have been calculated, in part, by using this Mileage Allowance.

☐ If this box is checked, I have elected a high Mileage Allowance. I may receive a refund of ____25__ cents per unused mile for the unused miles between ___0__ miles and ___0__ miles, unless (a) the Vehicle is considered a total loss under my insurance coverage due to damage, theft or destruction, (b) I default, (c) I terminate this Lease early, (d) I purchase the Vehicle, or (e) the refund is less than $1. Any refund will be reduced by any amount I owe under this Lease at the Scheduled Termination.

## WARRANTIES

The Vehicle is subject to the following express warranties. If the Vehicle is new, the Vehicle is subject to the standard manufacturer's new vehicle warranty. The Vehicle is also covered by the following, if checked:
☐ Remainder of the standard manufacturer's new vehicle warranty if the Vehicle is not a new vehicle.

☐

UNLESS A LESSOR'S WARRANTY IS DISCLOSED ABOVE, LESSOR, TO THE EXTENT PERMITTED BY LAW, (1) MAKES NO WARRANTIES OR REPRESENTATIONS, EITHER EXPRESSED OR IMPLIED, AS TO THE VEHICLE OR ANY OF ITS PARTS OR ACCESSORIES AND (2) MAKES NO WARRANTY OF MERCHANTABILITY OR FITNESS OF THE VEHICLE FOR ANY PARTICULAR PURPOSE. I ACKNOWLEDGE THAT I AM LEASING THE VEHICLE FROM THE LESSOR "AS IS."

## INSURANCE VERIFICATION

I agree to maintain the insurance coverage described in Section 20. I affirm that such insurance is in force on the date of this Lease. I authorize Lessor and its assignees to speak to my insurance agent or company, and any future insurance agents or companies, about my coverage for the leased Vehicle.

| GEICO | 4766759879 | |
| --- | --- | --- |
| Insurance Company | Policy No. | Coverage Verified (Center Employee's Initials) (800)841-3000 |
| Agent Name | Address | Phone No. |

All matters regarding insurance should be sent by e-mail to insuranceinfo@bmwfs.com or faxed to 888-725-8456.

## MY OBLIGATIONS DURING THIS LEASE

**18. Vehicle Use.** I agree not to use (or permit others to use) the Vehicle: (a) in any way that violates the law or the terms of my insurance policy or this Lease; (b) to transport goods or people for hire, lease or rental or hire; (c) outside the state where it was first titled for more than 30 days without your prior written consent; or (d) outside the United States, except for less than 30 days in Canada. I will not allow an uninsured person to operate the Vehicle at any time, or allow any third party, other than my spouse, to operate the Vehicle without written permission from you. I will not physically change the Vehicle's body or interior in any way unless I first get your written consent.

**19. Vehicle Maintenance, Service, Repairs, and Reconditioning.** I agree to maintain, service, repair, and recondition the Vehicle during the Lease Term with new and genuine manufacturer's original equipment replacement parts as recommended in the Vehicle owner's manual. I will keep complete maintenance records and return them with the Vehicle.

I am responsible for repairs of all collision, accident, and other physical damage that is not a result of normal wear and use. These repairs include, but are not limited to, those necessary to return the Vehicle to its pre-damage condition, including, but not limited to, repairing damage to exterior panels and components, structural components, vehicle safety systems such as airbag systems and seatbelts, and the Vehicle's interior. All repairs must be made with new and genuine manufacturer's original equipment replacement parts. I will discuss these requirements with my insurance company prior to signing

my insurance agreement, damage repair estimate, or before authorizing any damage repair work. If I have not had the repairs made before the Vehicle is returned at or before the end of the scheduled Lease Term, I will pay the estimated cost of such repairs to restore the Vehicle to its pre-damage condition, even if the repairs are made after the Vehicle is returned.

If the Vehicle's odometer becomes inoperative or malfunctions, I agree to notify you and have the odometer repaired within 30 days. I agree not to make any alterations that decrease the Vehicle's value or usefulness or that violate the law. If I add non-standard equipment to the Vehicle, I will return it to original manufacturer specifications before the end of the Lease Term. If the non-standard equipment cannot be removed or modified without decreasing the Vehicle's value or usefulness when the Vehicle is returned to you, the equipment will become your property, and I may be billed in accordance with Section 32 below. You may inspect the Vehicle at any reasonable time.

**NO PHYSICAL DAMAGE OR LIABILITY INSURANCE COVERAGE FOR BODILY INJURY OR PROPERTY DAMAGE CAUSED TO OTHERS IS INCLUDED IN THIS LEASE.**

**20. Required Insurance.** During the term of this Lease and until I return the Vehicle, I agree to maintain the following types and amounts of primary insurance: (a) personal liability for bodily injury or death to any one person for

not less than $100,000 and for any one occurrence for not less than $300,000; (b) property damage liability for not less than $50,000; (c) comprehensive liability, including fire and theft, for the Vehicle's actual value (payable in cash and not by a replacement vehicle) with a maximum deductible of $1,000; (d) collision liability for the Vehicle's actual value (payable in cash and not by a replacement vehicle) with a maximum deductible of $1,000. The coverage will name you as an additional insured and loss payee. I will provide you with at least 30 days advance notice of cancellation. You have the right to endorse my name on any insurance check or settlement you receive. You also have the right to speak to your insurance company about my insurance coverage.

Except to the extent required by the motor vehicle financial responsibility laws of the applicable state or otherwise by law, I acknowledge that you do not extend any of your motor vehicle financial responsibility or provide insurance coverage to me, any authorized additional driver(s), passengers or third parties through this Lease. If valid automobile liability insurance or self insurance is available on any basis for me, additional authorized driver(s) or any other driver and such insurance or self insurance satisfies the applicable state motor vehicle financial responsibility law, then you extend none of your motor vehicle financial responsibility. However, if I and any additional authorized driver(s) are in compliance with the terms and conditions of this Lease and if you are obligated to extend your motor vehicle financial responsibility to me, any additional authorized driver(s) or third parties, then your obligation is limited to the applicable state minimum financial responsibility amounts. Unless required by law, your financial responsibility shall not extend to any claim made by any passenger while riding in or on or getting in or out of the Vehicle. Your financial responsibility shall not extend to liability imposed or assumed by anyone under any worker's compensation act, plan or contract.

Except as required by law, you do not provide Personal Injury Protection, No Fault Benefits or Medical Payment Coverage (PIP) or Uninsured/ Underinsured Motorist Protection (UM/UIM) through this Lease. If you are required by law to provide PIP and/or UM/UIM, I expressly select such protection in the minimum limits with maximum deductible and expressly waive and reject PIP and/or UM/ UIM limits in excess of the minimum limits required by law.

**21. Registration, Titling, and Taxes.** I agree to pay registration, title, license, inspection fees and other official fees and taxes in connection with the Vehicle when due, including taxes imposed on fees such as, but not limited to, the disposition fee. You may, at your discretion, pay these fees or taxes to protect your interest in the Vehicle. If you pay such fees or taxes on my behalf, I agree to reimburse you when I am billed. If I fail to reimburse you within 60 days after I am billed, then I will pay you a monthly late charge, until the unpaid balance of the fees and taxes has been paid in full. The amount of each such late charge will not exceed 1.5% of the outstanding unpaid balance of the fees and taxes, then due, or the maximum amount permitted by law, whichever is less. The remedies described in this Section 21 are in addition to any remedies you may have pursuant to Section 23.

If I move to another location during the Lease Term or it becomes necessary for you to correct any title or registration deficiencies, or to perfect your interest in the Vehicle, whether as a result of my failure to cooperate or other action or inaction on my part, I agree to pay you a $30 service charge in addition to the actual fees or taxes, unless prohibited by law, to process registration, title and license documents.

**22. Payments, Late Charge, Returned Payment Charge, Fines, and Traffic Tickets.** If you do not receive my total Monthly Payment within 10 days after it is due, I agree to pay a late charge of $30 or 5% of the amount of the payment that is late, whichever is greater, but not to exceed any limit under applicable law. If any payment is returned to you unpaid for any reason, or if any electronic debit authorization is not paid, I agree to pay you a $25 service charge per item when I am billed.

If you receive notice of any third-party charges related to the Vehicle (including but not limited to fines, traffic tickets, parking tickets, toll violations, towing fees, storage fees, or repair bills), I will pay you a $30 service charge per item whether or not you pay such third-party charges. You may, at your discretion, pay these charges to protect your interest in the Vehicle. If you pay such charges on my behalf, I agree to reimburse you when I am billed. If I fail to reimburse you within 60 days after I am billed, then I will pay you a monthly late charge, until the unpaid balance of such third-party charges has been paid in full. The amount of each such late charge will not exceed 1.5% of the outstanding unpaid balance of the third-party charges then due, or the maximum amount permitted by law, whichever is less. I further agree to pay you any and all costs you incur associated with my failure to pay such fines, charges or traffic tickets, including legal costs and reasonable attorneys' fees as allowed by applicable law. The remedies described in this Section 22 are in addition to any remedies you may have pursuant to Section 23.

**23. Default and Remedies.** I will be in default under this Lease if:
(a)  I fail to make a Monthly Payment when due;

(b)  I fail to maintain the required insurance;
(c)  I fail to return the Vehicle at the end of the Lease Term;
(d)  I fail to keep any of my promises under this Lease;
(e)  I abandon the Vehicle;
(f)  I or a guarantor become(s) insolvent or die(s);
(g)  Any information in my credit application or a guarantor's credit application is false or misleading; or
(h)  The Vehicle is subject to or threatened by seizure, confiscation, levy, or other involuntary transfer by governmental, administrative or legal process.

If I am in default, you may do any or all of the following:
(i)  Terminate this Lease and my right to possess and use the Vehicle;
(ii)  Take possession of the Vehicle by any method permitted by law;
(iii)  Pursue any other remedy permitted by law;
(iv)  Dispose of any personal or other property in the Vehicle at the time of repossession of the Vehicle or other remedy;
(v)  Require that I pay the sum of: (1) any past due Monthly Payments; plus (2) any official fees and taxes assessed or billed in connection with this Lease and the Vehicle and any amounts needed to satisfy my obligations under this Lease except Excess Wear and Use and Excess Mileage charges; plus (3) the amount by which the Adjusted Lease Balance (explained in Section 30) exceeds the Realized Value of the Vehicle (Section 31); plus (4) all of your expenses for taking these actions, including, but not limited to expenses for repossession, transportation, storage, and/or sale of the Vehicle; plus (5) all fees and costs of collections, including reasonable attorneys' fees, court costs, interest, and other related expenses involving the enforcement of the terms and conditions of this Lease, the protection or defense of your interest in the Lease or Vehicle and all losses you incur in connection with my default of this Lease whether such action is in law, equity or an administrative remedy. Furthermore, if I do not pay these amounts when you ask, you may charge me interest at a rate not exceeding the highest lawful rate until I pay;
(vi)  If the Vehicle has an electronic tracking device, I agree that you may use the device to find the Vehicle.

**24.  Vehicle Loss or Damage.** I agree to immediately notify you if the Vehicle is damaged or destroyed in an accident, stolen, abandoned, or taken by a police or other governmental agency. In that event, you reserve the right to terminate this Lease and all losses you incur are calculated under Section 25 below, if I am in compliance with my insurance obligations; or (b) calculated under Section 23 above, if I am not in compliance with my insurance obligations. If the Vehicle is stolen or destroyed, another vehicle may be substituted in its place only if you agree to the substitution. You have no obligation to provide a substitution vehicle. If the Vehicle is damaged and you do not terminate this Lease because the Vehicle is reasonably repairable, I agree to make the repairs in accordance with Section 19 above at my expense.

**25.  "Gap Amount" Waiver.** If I am in compliance with my insurance obligations under this Lease and the Vehicle is damaged, stolen or destroyed and considered a total loss under my insurance coverage, I will not be obligated to pay you the gap amount (the difference between the Adjusted Lease Balance and the actual cash value of the Vehicle as of the date of loss) if the claim for total loss is actually paid to you by my insurance company. However, I will be obligated to pay you: (1) any and all amounts due and owing needed to satisfy my obligations under this Lease (including past due Monthly Payments and any official fees and taxes assessed or billed in connection with this Lease and the Vehicle); plus (2) any amounts (including Monthly Payments) that become due pending receipt of the insurance proceeds, plus (3) the deductible amount under my insurance policy, plus (4) amounts deducted from the actual cash value of the Vehicle by the insurance carrier. If as of the date of loss, I do not have a physical damage insurance policy that complies with the insurance requirements set forth in this Lease, no gap amount waiver applies and the amount of my liability will be determined as set forth in Section 23.

**26.  Power of Attorney.** I appoint you, to the extent permitted by law, through your officer or employee, as my attorney-in-fact. My grant of this power of attorney is coupled with an interest, and is irrevocable until all obligations I owe under this Lease are paid in full. As my attorney-in-fact, you can sign on my behalf all Certificates of Ownership, Registration Cards, applications, affidavits, or any other documents required to register and properly perfect your interest in the Vehicle; transfer my entire interest in the Vehicle as part of a repossession and sale; act on my behalf in insurance matters relating to the Vehicle, including, but not limited to, the power to endorse insurance proceeds checks or drafts on my behalf; and cancel any Credit Life, Credit Disability, GAP Coverage, Extended Warranty, or other optional insurance financed under this Lease, and apply the refunded premium or cost to my outstanding balance if I am in default. Should an original power of attorney be necessary to accomplish any of the preceding, I agree to execute a separate identical power of attorney document and provide you with same.

**ENDING MY LEASE**

**27. Purchase Option.** I have an option to purchase the Vehicle AS-IS, WHERE-IS. If I want to buy the Vehicle, I will notify you in advance and agree to complete any documents you require for the purchase. I also agree to re-register and re-title the Vehicle at my own expense in my name at the time I purchase it. If I fail to do so, you reserve the right to cancel the registration. At the Scheduled Termination of the Lease, the purchase price will be the Residual Value (Section 10.D). Prior to the end of the Lease Term, the purchase price will be the Adjusted Lease Balance (Section 30). In either case, I agree to also pay any other amounts due or outstanding under the Lease at the time of purchase such as any official fees, unpaid Monthly Payments or late charges.

**28. Vehicle Return.** If I do not purchase the Vehicle, I agree to return it to the place you specify with all parts and accessories and in good working order. Upon return, I agree to complete and sign an odometer disclosure statement and a vehicle inspection report, which may be used in determining any excess wear and use and/or excess mileage. If I do not return the Vehicle at the end of my Lease Term, I am in default and will continue to pay an amount equal to the Monthly Payment for each month until the time that I return the Vehicle. Payment of this amount does not give me the right to keep the Vehicle nor does it automatically extend this Lease.

**29. Scheduled Termination of the Lease.** Unless I terminate my Lease early or purchase the Vehicle, my Lease will terminate on the Scheduled Maturity Date, at which time, I agree to pay out: (a) a $350 Disposition Fee, plus (b) any unpaid Monthly Payments then due and other amounts needed to satisfy my obligations under this Lease, plus (c) any Excess Mileage and Excess Wear and Use charges (Section 11), plus (d) any official fees or taxes assessed or billed in connection with this Lease.

**30. Early Termination of the Lease.** I may terminate this Lease at any time by purchasing the Vehicle (Section 27) or by returning the Vehicle to a location selected by you, if I am in full compliance with the Lease and satisfy all of my Early Termination obligations. If I do not purchase the Vehicle, I may choose one of the following options to determine my Early Termination liability:

**Option A.** I agree to pay the sum of: (1) all remaining Monthly Payments; plus (2) any past due Monthly Payments; plus (3) any official fees and taxes assessed or billed in connection with this Lease and the Vehicle and any other amounts needed to satisfy my obligations under this Lease; plus (4) any Excess Wear and Use and Excess Mileage Charges; plus (5) a $350 Disposition Fee. However, should my Early Termination liability calculated under this Option exceed what I would have owed had I selected Option B, you will waive the difference and my liability will be capped at Option B.

**Option B.** I agree to pay the sum of: (1) any past due Monthly Payments; plus (2) any official fees and taxes assessed or billed in connection with this Lease and the Vehicle and any other amounts needed to satisfy my obligations under this Lease and any Excess Wear and Use and Excess Mileage charges; plus (3) a $350 Disposition Fee; plus (4) the amount by which the Adjusted Lease Balance (explained below) exceeds the Realized Value of the Vehicle (Section 31).

Under either option, you may apply some or all of my Security Deposit to what I owe and I will remain liable for personal property taxes that may be assessed and/or billed after the Lease terminates.

The "Adjusted Lease Balance" is determined at any given time by subtracting the scheduled Base Monthly Payments earned through the early termination date from the Adjusted Capitalized Cost and adding to the difference the cumulative Rent Charge earned through the early termination date. The Rent Charge is calculated according to the "constant yield method". Under the constant yield method, each month's rent charge is earned in advance by multiplying the constant rate implicit in the Lease times the Adjusted Lease Balance. The Rent Charge calculations are based on the assumption that Lessor will receive the Monthly Payments on the exact due date.

**31. Realized Value of the Vehicle.** For the purpose of calculating my Early Termination liability (Section 30), the Realized Value of the Vehicle (a) the price you receive for the Vehicle upon disposition in a commercially reasonable manner or (b) a price agreed to by you and me in a separate writing. If the Vehicle is a total loss as set forth in Section 24 above and I am in compliance with my insurance obligations, the amount of any deductible and the proceeds of the settlement of the insurance claim you receive are the "Realized Value." The Realized Value may also be determined by an appraisal of the wholesale value of the Vehicle which I may obtain, at my own expense from a professional, independent appraiser agreeable to both of us. If I obtain such an appraisal no later than 3 days before the date of scheduled disposition of the Vehicle by you, the appraisal will be the final and binding Realized Value.

**32. Excessive Wear and Use.** I agree to pay you the costs of all repairs to the Vehicle that are not the result of normal wear and use, whether or not you actually repair the Vehicle. Excessive wear and use includes, but is not limited to:

(a) inoperative electrical or mechanical parts;
(b) dented, scratched, chipped, rusted, pitted, broken or mismatched body parts, paint, vehicle identification items, trim or grill work;
(c) non-functioning, scratched, cracked, pitted or broken glass or lights;
(d) missing equipment, parts, accessories or adornments;
(e) torn, damaged, burned, or stained interior;
(f) repair of any damage that makes the Vehicle unlawful or unsafe to drive;
(g) damage due to installation or removal of non-manufacturer, after-market or replacement parts;
(h) damage (including damage to the engine) due to failure to maintain the Vehicle in accordance with Section 19; or
(i) tires with tread depth of less than 1/8" remaining at the shallowest point, and/or tires that are not all of the same grade, quantity or quality as those delivered with the Vehicle.

If I fail to pay any excess wear and use, excess mileage or other lease end charges within thirty days of the due date indicated on my end of lease bill, I will pay you interest on the unpaid balance of these charges at the rate of 18 percent per annum, if permitted by law, or the maximum rate permitted if less, until paid in full.

I agree to pay state and local taxes that may be due on amounts owed for lease end charges, including but not limited to excess wear and use and excess mileage fees.

**ADDITIONAL INFORMATION**

**33. Indemnification.** I agree to indemnify, defend and hold you harmless from all claims, liabilities, suits, losses, damages and expenses (including attorney's fees and court costs) including, but not limited to, claims concerning the condition, maintenance, use, ownership or operation of the Vehicle or claims made under the strict liability doctrine.

**34. Refundable Security Deposit.** You may use some or all of my Security Deposit to pay any amount I owe under this Lease and at the end of my Lease Term or upon early termination of the Lease. I will not earn any interest on my Security Deposit. After I have paid all my obligations under this Lease, you will refund to me any part of my Security Deposit that is not used to pay what I owe you.

**35. Assignment.** You may assign your interests under this Lease without my consent. I MAY NOT  TRANSFER OR SUBLEASE THIS VEHICLE TO A THIRD PARTY OR ASSIGN THE LEASE OR ANY RIGHTS UNDER IT WITHOUT YOUR PRIOR WRITTEN APPROVAL, WHICH YOU MAY WITHHOLD IN YOUR SOLE JUDGMENT.

**36. Notices.** All correspondence and notices will be sent to me at my Billing Address shown on this Lease unless I give you a different address in writing.

**37. Other Terms. Waiver.** You may waive or delay enforcement of your rights under this Lease without affecting your rights on future defaults. Severability. Any part of this Lease that is not enforceable shall not affect the validity of the remainder of this Lease. Joint Liability. If more than one Lessee signs this Lease, each Lessee shall be jointly and severally liable for all obligations under this Lease. Choice of Law. Except as may otherwise be provided by law, this Lease will be subject to the laws of the state where I sign it. In the event that both parties agree not to arbitrate in accordance with Section 38 below, any dispute shall be brought in a court located in the state where I signed the Lease. Entire Agreement. This Lease describes all agreements between us with respect to the Lease of the Vehicle. All prior agreements, whether oral or in writing, are superseded. Maintaining Payments. I may not change or stop any Monthly Payments for any reason, even if I do not receive an invoice, and even if the Vehicle is stolen, destroyed, seized by the government or the court, experiences mechanical problems, or does not satisfactorily perform. Lessor's Warranties. I represent that my driver's license and the driver's license of any authorized driver has not been revoked or suspended within the last 5 years. I promise that I have given you a true Amount Owed for any vehicle traded in. If the correct Prior Credit or Lease Balance is more than the amount shown in Section 4.B, I agree to pay the excess amount upon demand. Personal Property. Lessor shall not be responsible at any time for any personal property

in the Vehicle. Escheatment. If for any reason you need to escheat any of my funds to an unclaimed funds department, you may retain such fee as is allowable per state law.

## 38. ARBITRATION CLAUSE

### PLEASE REVIEW - IMPORTANT - AFFECTS OUR LEGAL RIGHTS

NOTICE: Either you or I may choose to have any dispute between us decided by arbitration and not in a court or by jury trial. If a dispute is arbitrated, I will give up my right to participate as a class representative or class member on any Claim I may have against you including any right to class arbitration or any consolidation of individual arbitrations. Discovery and rights to appeal in arbitration are generally more limited than in a lawsuit, and other rights you and I would have in court may not be available in arbitration.

"Claim" broadly means any claim, dispute or controversy, whether in contract, tort, statute or otherwise, whether preexisting, present or future, between me and you or your employees, officers, directors, affiliates, successors or assigns, or between me and any third parties if I assert a Claim against such third parties in connection with a Claim I assert against you, which arises out of or relates to my credit application, lease, purchase or condition of this Vehicle, this Lease or any resulting transaction or relationship (including any such relationship with third parties who do not sign this Lease). Any Claim shall, at your or my election, be resolved by neutral, binding arbitration and not by a court action. However, "Claim" does not include any dispute or controversy about the validity, enforceability, coverage or scope of this Arbitration Clause or any part thereof (including, without limitation, the Class Action Waiver set forth below and/or this sentence); all such disputes or controversies are for a court and not an arbitrator to decide. But any dispute or controversy that concerns the validity or enforceability of the Lease as a whole is for the arbitrator, not a court, to decide. In addition, "Claim" does not include any individual action brought by me in small claims court or my state's equivalent court, unless such action is transferred, removed or appealed to a different court. Moreover, this Arbitration Clause will not apply to any Claims that are the subject of (a) a class action filed in court that is pending as of the effective date of this Arbitration Clause in which I am alleged to be a member of the putative class (however, you and I will continue to be bound by any prior Arbitration Clause) or (b) a motion to compel arbitration filed by you against me before the effective date of this Arbitration Clause pursuant to a prior Arbitration Clause (however, you and I will continue to be bound by any prior Arbitration Clause).

Class Action Waiver. Notwithstanding any other provision of this Lease or Arbitration Clause, if either you or I elect to arbitrate a Claim, neither you nor I will have the right: (a) to participate in a class action, mass action, private attorney general action or other representative action in court or in arbitration, either as a class representative of class member; or (b) to join or consolidate Claims with claims of any other persons. No arbitrator shall have authority to conduct any arbitration in violation of this provision. (Provided, however, that the Class Action Waiver does not apply to any lawsuit or administrative proceeding filed against you by a state or federal government agency even when such agency is seeking relief on behalf of a class of lessees including me. This means that you will not have the right to compel arbitration of any claim brought by such an agency). The Class Action Waiver is material and essential to the arbitration of any Claims between the parties and is nonseverable from this Arbitration Clause. If the Class Action Waiver is limited, voided or found unenforceable, then this Arbitration Clause (except for this sentence) shall be null and void with respect to such proceeding, subject to the right to appeal the limitation or invalidation of the Class Action Waiver. The parties acknowledge and agree that under no circumstances will a class action be arbitrated.

I may choose the American Arbitration Association ("AAA"), 120 Broadway, New York, NY 10271, www.adr.org, 1-800-778-7879 or JAMS, 1920 Main Street, Suite 300, Irvine, CA 92614, www.jamsadr.com, 1-800-352-5267 to administer the arbitration. The rules and forms of the AAA and JAMS may be obtained on their websites or by writing to these organizations at the addresses listed above. Either you or I may request an expedited hearing under the applicable rules. If the AAA and JAMS are unable or unwilling to serve as administrator, the parties may agree upon another administrator or, if they are unable to agree, a court shall determine the administrator. No company may serve as administrator, without the consent of all parties, if it adopts or has in place any formal or informal policy that is inconsistent with and purports to override the terms of this Arbitration Clause. If the chosen administrator's rules or other provisions of this Lease (including any other arbitration provision relating to this Lease) conflict with this Arbitration Clause, then the provisions of this Arbitration Clause shall control. If a party files a lawsuit in court asserting

Claim(s) that are subject to arbitration and the other party files a motion to compel arbitration with the court which is granted, it will be the responsibility of the party prosecuting the Claim(s) to select an arbitration administrator in accordance with this paragraph and commence the arbitration proceeding in accordance with the administrator's rules and procedures.

Arbitrators shall be attorneys with at least ten years of experience or retired judges and shall be selected pursuant to the applicable rules. The arbitrator will not be bound by judicial rules of procedure and evidence that would apply in a court, nor by state or local laws that relate to arbitration proceedings. The arbitrator will honor statutes of limitation and claims of privilege recognized under applicable law. In determining liability or awarding damages or other relief, the arbitrator will follow the applicable substantive law, consistent with the FAA (Federal Arbitration Act), that would apply if the matter had been brought in court, including, without limitation, punitive damages (which shall be governed by the Constitutional standards employed by the courts). The arbitrator may award any damages or other relief or remedies permitted by applicable law including equitable, temporary and/or provisional remedies. The arbitrator shall write a brief explanation of the grounds for the decision. Any arbitration hearing that I attend shall be conducted at a place reasonably convenient to where I reside. Any court having jurisdiction may enter judgment on the arbitrator's award.

In any arbitration that I have commenced against you, if the total amount of my Claim(s) is less than $25,000: (a) you will pay any and all fees of the administrator and/or the arbitrator if I make a written request for you to pay such fees; and (b) you will pay my reasonable attorneys' and expert witness fees and costs if and to the extent I prevail in the arbitration. Moreover, you will always bear any fees and costs (including administrator and arbitrator fees and reasonable attorneys' and expert witness fees and costs) that you are required to bear pursuant to the administrator's rules or applicable law. You will not seek reimbursement from me of any fees or costs (including administrator and arbitrator fees and attorneys' and expert witness fees and costs) that you incur on your own behalf or pay on my behalf in connection with the arbitration.

This Lease involves interstate commerce and this Arbitration Clause and any arbitration hereunder shall be governed by the Federal Arbitration Act, 9 U.S.C. § 1 et seq. ("FAA") and not by any state law concerning arbitration. However, the governing law as to the substantive issues of the Lease and Vehicle shall be the law of the State in which this Lease was executed. The arbitrator's award shall be final and binding on all parties, except for any right of appeal provided by the FAA. However, if the amount of the Claim exceeds $50,000 or involves a request for injunctive or declaratory relief that could foreseeably involve a cost or benefit to either party exceeding $50,000, any party can, within 30 days after the entry of the award by the arbitrator, appeal the award to a three-arbitrator panel administered by the administrator. The panel shall reconsider anew any aspect of the initial award requested by the appealing party. The decision of the panel shall be by majority vote. Reference in this arbitration provision to "the arbitrator" shall mean the panel if an appeal of the arbitrator's decision has been taken. The costs of such an appeal will be borne in accordance with the preceding paragraph. Any final decision of the appeal panel is subject to judicial review only as provided under the FAA.

You and I may retain any rights to self-help remedies, such as repossession. The exercise of any self-help remedies is not a "Claim" subject to arbitration, nor is any individual action in court by one party that is limited to preventing the other party from using a self-help remedy and that does not involve a request for damages or monetary relief of any kind. Neither you nor I waive the right to arbitrate by using self-help remedies. This Arbitration Clause shall survive any termination, payoff or transfer of this Lease, and shall also survive any bankruptcy to the extent consistent with applicable bankruptcy law. If any part of this Arbitration Clause, other than the Class Action Waiver, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable.

Notwithstanding any other provision for notice contained in the Lease, any arbitration Claim or other notice provided under the rules of the arbitration administrator will be given to you at the following address: If my Claim is against the Lessor, I agree that notice of my Claim will be given to the Lessor at the address specified in Section 1 of this Lease. If my Claim is against the Assignee (designated in Section 2 of this Lease), I agree that notice of my Claim will be given at 5550 Britton Parkway, Hilliard, OH 43026. If my Claim is against both Lessor and Assignee, I agree that both Lessor and Assignee will be notified of my Claim at the addresses indicated herein.

**Electronic Contracting and Signature Acknowledgment.** I agree that (i) this Lease is an electronic contract executed by the lessor using my electronic signature, (ii) my electronic signature signifies my intent to enter into this Lease and that this Lease be legally valid and enforceable in accordance with its terms to the same extent as if I had executed this Lease using my handwritten signature and (iii) the authoritative copy of this Lease ("Authoritative Copy") shall be that electronic copy that resides in a document management system designated by the lessor for the storage of Authoritative Copies of electronic records, which shall be deemed held by the lessor in the ordinary course of business. Notwithstanding the foregoing, if the Authoritative Copy is converted into a paper copy which is marked by the lessor as the original (the "Paper Lease"), then I acknowledge and agree that (1) my signing of this Lease with my electronic signature also constitutes issuance and delivery of such Paper Lease, (2) my electronic signature associated with this Lease, when affixed to the Paper Lease, constitutes my legally valid and binding signature on the Paper Lease and (3) subsequent to such conversion, my obligations will be evidenced by the Paper Lease alone.

## 39. LESSEE NOTICES AND SIGNATURES

In this Section 39, I am referred to as "You".

You have the right to return the Vehicle, and receive a refund of any payments made, if the credit application is not approved, unless nonapproval results from an incomplete application or from incorrect information provided by you.

THERE IS NO COOLING OFF PERIOD. California law does not provide for a "cooling off" or other cancellation period for vehicle leases. Therefore, you cannot later cancel this Lease simply because you change your mind, decided the Vehicle costs too much, or wish you had acquired a different vehicle. You may cancel this Lease only with the agreement of the Lessor or for legal cause, such as fraud.

NOTICE TO LESSEE: (1) Do not sign this Lease before you read it or if it contains any blank spaces to be filled in; (2) You are entitled to a completely filled in copy of this Lease; (3) Warning – Unless a charge is included in this Lease for public liability or property damage insurance, payment for that coverage is not provided by this Lease.

**By signing below, you acknowledge that you have read all pages of this Lease, and that you have received a completely filled in copy of this Lease.**

X _____     X _____
Lessee                                        Lessee

Simon Katz
_____       _____
By (Print Name & Title if Corporation)        By (Print Name & Title if Corporation)

## 40. GUARANTY

I jointly and severally guarantee payment and performance of all promises contained in this Lease. Upon default, Lessor may proceed immediately against me without first proceeding against the Lessee. My liability will be unconditional and will not be affected by any settlement, extension, renewal or modification of this Lease whether or not by operation of law. I waive all right to notices of every kind, including rights to demand and presentment. I agree to pay all expenses (including reasonable attorney's fees and legal expenses) incurred by Lessor if Lessor has to enforce this Guaranty.

NOTICE TO LESSEE: (1) Do not sign this Lease before you read it or if it contains any blank spaces to be filled in; (2) You are entitled to a completely filled in copy of this Lease; (3) Warning – Unless a charge is included in this Lease for public liability or property damage insurance, payment for that coverage is not provided by this Lease.

**By signing below, you acknowledge that you have read all the pages of this Lease, that you have received a completely filled in copy of this Lease.**

Guarantor's Signature: X _____     Guarantor's Signature: X _____

_____       _____
Name                                          Name

_____       _____
Address                                       Address

## 41. LESSOR'S ACCEPTANCE AND ASSIGNMENT

By signing below, Lessor (1) accepts the terms, conditions and obligations of this Lease and (2) assigns all right, title and interest in the Vehicle and this Lease to the Assignee listed in Section 2 above. This Lease, including all amounts to become due under it, and any guaranty, are subject to the provisions of the Center Agreement between Lessor and BMW FS.

Lessor Name  Peter Pan BMW              Signature of Authorized Representative_____

NOTICE OF CASE MANAGEMENT CONFERENCE

**ENDORSED FILED**
**SAN MATEO COUNTY**   Case No. **18 C I V O 6 3 4 5**

NOV 27 2018

Simon Katz

vs.

BMW of North America, LLC, et al.

Clerk of the Superior Court
By MIRNA P. RIVERA-MARTINEZ
DEPUTY CLERK

Date: **MAR 27 2019**

Time 9:00 a.m.

Dept. _____   —on Tuesday & Thursday
Dept. **14**   —on Wednesday & Friday

You are hereby given notice of your Case Management Conference. The date, time and department have been written above.

1.  In accordance with applicable California Rules of the Court and local Rules 2.3(d)1-4 and 2.3(m), you are hereby ordered to:

    a)  Serve all named defendants and file proofs of service on those defendants with the court within 60-days of filing the complaint (CRC 201.7).

    b)  Serve a copy of this notice, Case Management Statement and ADR Information Sheet on all named parties in this action.

    c)  File and serve a completed Case Management Statement at least 15-days before the Case Management Conference [CRC 212(g)]. Failure to do so may result in monetary sanctions.

    d)  Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 212(f) no later than 30-days before the date set for the Case Management Conference.

2.  If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order to Show Cause hearing will be at the same time as the Case Management Conference hearing. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.

3.  Continuances of Case Management Conferences are highly disfavored unless good cause is shown.

4.  Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation to ADR and Proposed Order (see attached form). If plaintiff files a Stipulation to ADR and Proposed Order electing to proceed to judicial arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the Arbitration Administrator. If plaintiffs and defendants file a completed stipulation to another ADR process (e.g., mediation) 10-days prior to the first scheduled Case Management Conference, the Case Management Conference will be continued for 90-days to allow parties time to complete their ADR session. The court will notify parties of their new Case Management Conference date.

5.  If you have filed a default or a judgment has been entered, your case is not automatically taken off Case Management Conference Calendar. If "Does", "Roes," etc. are named in your complaint, they must be dismissed in order to close the case. If any party is in bankruptcy, the case is stayed only as to that named party.

6.  You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

7.  The Case Management Judge will issue orders at the conclusion of the conference that may include:

    a)  Referring parties to voluntary ADR and setting an ADR completion date;

    b)  Dismissing or severing claims or parties;

    c)  Setting a trial date.

8.  The Case Management Judge may be the trial judge in this case.

For further information regarding case management policies and procedures, see the court's website at: www.sanmateocourt.org

*Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent vendor, at least five business days prior to the scheduled conference (see attached CourtCall information).

# ALTERNATIVE DISPUTE RESOLUTION
# IN CIVIL CASES



# Civil Appropriate Dispute Resolution (ADR) Information Sheet
## Superior Court of California, San Mateo County

*Appropriate Dispute Resolution (ADR) is a way of solving legal problems without going to trial. All types of disputes can be resolved through ADR. The Court encourages you to use some form of ADR before you proceed to trial. The most popular form of ADR is mediation. The Multi-Option ADR Project can help you choose the option that is best for your case and refer you to an experienced ADR provider.*

### What are the Advantages of Using ADR?

&#8500;    **Faster** – Traditional litigation can take years to complete but ADR usually takes weeks or months.

&#8500;    **Cheaper** – Parties can save on attorneys' fees and litigation costs.

&#8500;    **More control & flexibility** – Parties choose the ADR process most appropriate for their case.

&#8500;    **Cooperative & less stressful** – In mediation, parties cooperate to find a mutually agreeable solution to their dispute.

### What are the Disadvantages of Using ADR?

&#8500;    **You may go to Court anyway** – If you can't resolve your case using ADR, you may still have to spend time and money on your lawsuit.

&#8500;    **Not free** – The neutrals charge fees (except in judicial arbitration), but you may qualify for financial aid.

### Are There Different Kinds of ADR?

&#8500;    **Mediation** - A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options and agree on a solution that is acceptable to all sides.

&#8500;    **Judicial Arbitration** – Is an informal hearing where a neutral person (arbitrator) reviews the evidence, hears arguments and makes a decision on your case. In non-binding judicial arbitration, parties have the right to reject the arbitrator's decision and proceed to trial. For more information regarding judicial arbitration, please see the attached sheet.

&#8500;    **Binding Arbitration** - The parties agree ahead of time to accept the arbitrator's decision as final. Parties who choose binding arbitration give up their right to go to Court and their right to appeal the arbitrator's decision.

&#8500;    **Neutral Evaluation** - A neutral person (evaluator) listens to the parties, asks them questions about their case, reviews evidence and may hear witness testimony. The evaluator helps the parties identify the most important legal issues in their case and gives them an analysis of the strengths and weaknesses of each side's case. Special neutral evaluation guidelines are available on the Court's website at www.sanmateocourt.org/adr.

&#8500;    **Settlement Conference** – Although similar to mediation, the neutral (a judge) may take more control in encouraging parties to settle. Settlement conferences take place at the courthouse. All cases have a mandatory settlement conference approximately 2-3 weeks before the trial date.

Appropriate Dispute Resolution Information Sheet

Form adopted for Mandatory Use [CA Rule of Court §3.221] Local Court Form ADR-CV-8 [Sept. 2010, Revised Jan. 2013] www.sanmateocourt.org

### How Does Voluntary Mediation/Neutral Evaluation Work in San Mateo County?

⚖ The person who files the lawsuit (the plaintiff) must include this ADR Information Sheet with the complaint when serving the defendants in the case.

⚖ All the parties in your case will meet with a judge at your first Case Management Conference (CMC), which is scheduled within 120 days of the filing of the complaint. The judge will speak to you about your voluntary ADR options, encourage you to participate in ADR and ask you to meet with Court ADR staff.

⚖ If you and the parties decide to use ADR, Local Rule 2.3(i)(3) states that you must file a *Stipulation and Order to ADR* with the Court Clerk's Office. This form lets the Court know both whom you have selected as your ADR neutral and the date of the ADR session.

⚖ You and the other parties can find your own ADR neutral for the case or use a neutral who is on the Court's ADR Panel.

    o    For a list of Court ADR neutrals and their resumes, visit the Court's website at www.sanmateocourt.org/adr. (Go to "Civil ADR Program," "Civil ADR Program Panelist List" and click on any provider's name.)

⚖ If you decide to do ADR and file a *Stipulation and Order to ADR* at least 10 days before your first CMC, the Court will postpone (continue) your first CMC for 90 days to allow the parties time to resolve the case using ADR. The Clerk's Office will send you a notice with your new CMC date.

⚖ Within 10 days of completing ADR, you and your lawyer (if you have one) must fill out either an Evaluation By Attorneys or Client Evaluation and mail or fax it to the ADR offices at: 400 County Center, Redwood City, CA 94063; (650) 599-1754 (fax).

### Do I Have to Pay to Use ADR?

⚖ Yes. You and the other parties will pay the ADR neutral directly. However, you do not have to pay the Court for either judicial arbitration or for the mandatory settlement conference that is scheduled before your trial.

⚖ If you expect to have difficulty paying the ADR provider's fee, ask the ADR Coordinator for a financial aid application. You will need to fill out this application to determine whether or not you qualify for financial assistance.

In San Mateo County, parties also can take their case to the community mediation organization, the Peninsula Conflict Resolution Center ("PCRC"), and have their case mediated by PCRC's panel of trained and experienced volunteer mediators. To learn more about programs and fees, contact PCRC's Manager of Mediation Programs at (650) 513-0330.

**For more information, visit the court website at www.sanmateocourt.org/adr or contact the ADR Program: 400 County Center, Redwood City, CA 94063. Phone: (650) 599-1070, (650) 599-1073 and fax: (650) 599-1754**

Appropriate Dispute Resolution Information Sheet
Form adopted for Mandatory Use [CA Rule of Court §3.221] Local Court Form ADR-CV-8 (Sept, 2010, Revised Jan. 2013) www.sanmateocourt.org

*Judicial Arbitration, one of the available Appropriate Dispute Resolution (ADR) options, differs from other options in that it is usually court-ordered, unless the parties agree to it.*

## What are the Advantages of Using Judicial Arbitration?

&#8576;   *Free* -Parties do not have to pay for the arbitrator's fee.

&#8576;   *Fast* -Parties are usually given 120 days from the date of the Case Management Conference (CMC) to have their case heard by the appointed arbitrator.

&#8576;   *Informal* -The hearing is conducted by an arbitrator who issues an award. (Arbitrators are usually attorneys who practice or have practiced in San Mateo County.)

## What are the Disadvantages of Using Judicial Arbitration?

&#8576;   The award issued by the arbitrator is not always binding (unless the parties stipulated otherwise). If any party requests a trial within 30 days of the award, the award becomes void and the case continues on to trial.

## How Does Judicial Arbitration Work in San Mateo County?

&#8576;   During your first CMC hearing, the judge may decide to order you to judicial arbitration. You will then receive instructions and a proposed list of arbitrators in the mail.

&#8576;   Parties also may agree to judicial arbitration by filing a *Stipulation and Order to ADR* form at least 10 days before the first CMC. The CMC clerk will then vacate your CMC hearing and send the case to arbitration. The parties will receive instructions and a proposed list of arbitrators in the mail.

&#8576;   Parties can stipulate (agree) to an arbitrator on the Court's Judicial Arbitration Panel list. Otherwise, proposed names of arbitrators will be sent to the parties.

    o   For a list of arbitrators, their resumes, and other information, visit the Court's website at www.sanmateocourt.org/adr. (Go to "Judicial Arbitration Program," "Judicial Arbitration Panelist List" and click on the arbitrator's name. To view the arbitrators by subject matter, click on "Judicial Arbitration Panelists by Subject Matter.")

&#8576;   After the arbitration hearing is held and the arbitrator issues an award, the parties have 30 days to turn down/reject the award by filing a Trial de Novo (unless they have stipulated that the award would be binding).

&#8576;   If the parties reject the award and request a Trial de Novo, the Court will send out notices to the parties of the Mandatory Settlement Conference date and the trial date.

&#8576;   Following your arbitration hearing, you will also receive an evaluation form to be filled out and returned to the Arbitration Administrator.

For more information, visit the court website at www.sanmateocourt.org/adr or contact Judicial Arbitration: 400 County Center, Redwood City, CA 94063. Phone: (650) 599-1070 or (650) 599-1073 and Fax: (650) 599-1754

Page 3 of 3

Appropriate Dispute Resolution Information Sheet
Form adopted for Mandatory Use [CA Rule of Court §3.221] Local Court Form ADR-CV-8 [Sept. 2010, Revised Jan. 2013] www.sanmateocourt.org

| Attorney or Party without Attorney (Name, Address, Telephone, Fax, State Bar membership number): | Court Use Only |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO<br>Hall of Justice and Records<br>400 County Center<br>Redwood City, CA 94063-1655   (650) 363-4711 | |
| Plaintiff(s): | Case number: |
| Defendant(s): | Current CMC Date: |

## STIPULATION AND ORDER TO APPROPRIATE DISPUTE RESOLUTION

Plaintiff will file this stipulation with the Clerk's Office 10 days prior to or 3 weeks following the first Case Management Conference unless directed otherwise by the Court and ADR Director [*Local Rule 2.3(i)(3)*]. Please attach a Service List.

The parties hereby stipulate that all claims in this action shall be submitted to (select one):

- ☐ Voluntary Mediation          ☐ Binding Arbitration (private)
- ☐ Neutral Evaluation           ☐ Settlement Conference (private)
- ☐ Non-Binding Judicial Arbitration CCP 1141.12  ☐ Summary Jury Trial  ☐ Other: _____

Case Type: _____

Neutral's name and telephone number: _____ Date of session: _____

(Required for continuance of CMC except for non-binding judicial arbitration)
Identify by name the parties to attend ADR session: _____

_____     _____
                                               Original Signatures

_____     _____
Type or print name of ☒Party without attorney ☐Attorney for     (Signature)
☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant          Attorney or Party without attorney

_____     _____
Type or print name of ☐Party without attorney ☐Attorney for     (Signature)
☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant          Attorney or Party without attorney

_____     _____
Type or print name of ☐Party without attorney ☐Attorney for     (Signature)
☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant          Attorney or Party without attorney

_____     _____
Type or print name of ☐Party without attorney ☐Attorney for     (Signature)
☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant          Attorney or Party without attorney

## IT IS SO ORDERED:

Date: _____           _____
                                Judge of the Superior Court of San Mateo County

Stipulation Form 2006, rev. 2012

## ADR Stipulation and Evaluation Instructions

In accordance with *Local Rule 2.3(i)(3)*, all parties going to ADR must complete a Stipulation and Order to ADR and file it with the Clerk of the Superior Court. The Office of the Clerk is located at:

> Clerk of the Superior Court, Civil Division
> Attention: Case Management Conference Clerk
> Superior Court of California, County of San Mateo
> 400 County Center
> Redwood City, CA 94063-1655

There is no filing fee for filing the stipulation. An incomplete stipulation will be returned to the parties by the Clerk's Office. All stipulations must include the following:

- ❏ Original signatures for all attorneys (and/or parties in pro per);
- ❏ The name of the neutral;
- ❏ Date of the ADR session; and
- ❏ Service List (Counsel need not serve the stipulation on parties).

Parties mutually agree on a neutral and schedule ADR sessions directly with the neutral. If parties would like a copy of the court's Civil ADR Program Panelist List and information sheets on individual panelists, they may visit the court's website at www.sanmateocourt.org/adr.

### If Filing the Stipulation Prior to an Initial Case Management Conference

To stipulate to ADR prior to the initial case management conference, parties must file a completed stipulation at least 10 days before the scheduled case management conference. The clerk will send notice of a new case management conference date approximately 90 days from the current date to allow time for the ADR process to be completed.

### If Filing Stipulation Following a Case Management Conference

When parties come to an agreement at a case management conference to utilize ADR, they have 21 days from the date of the case management conference to file a Stipulation and Order to ADR with the court [*Local Rule 2.3(i)(3)*].

### Post-ADR Session Evaluations

*Local Rule 2.3(i)(5)* requires submission of post-ADR session evaluations within 10 days of completion of the ADR process. Evaluations are to be filled out by both attorneys and clients. A copy of the Evaluation By Attorneys and Client Evaluation are attached to the Civil ADR Program Panelist List or can be downloaded from the court's web site.

### Non-Binding Judicial Arbitration

Names and dates are not needed for stipulations to judicial arbitration. The Judicial Arbitration Administrator will send a list of names to parties once a stipulation has been submitted.

For further information regarding San Mateo Superior Court's Civil ADR and Judicial Arbitration Programs, visit the Court's website at www.sanmateocourt.org/adr or contact the ADR offices at (650) 599-1070 or (650)599-1073.

Superior Court of California, County of San Mateo

## CHAPTER 2.  CIVIL TRIAL COURT MANAGEMENT RULES
### PART 1.  MANAGEMENT DUTIES

### Rule 2.2   Trial Court Management

Reference CRC, rules 3.700, 3.710-3.713, 10.900, 10.901

(Adopted, effective January 1, 2000) (Amended, effective January 1, 2007)

### PART 2.  CASEFLOW MANAGEMENT

### Rule 2.3  New Case Management

This rule applies to all civil cases with the exception of the following:  (1) juvenile court matters; (2) probate matters; (3) family law matters; and (4) civil cases which, based on subject matter, have been assigned to a judge, or to more than one judge, for all purposes.  For rules applicable to these exceptions, see CRC 2.20, 2.30, 2.570-2.573, 2.585, 2.810-2.819, 2.830-2.834, 3.650, 3.700-3.735, 3.920-3.927, 3.1370, 3.1380-3.1385, 3.1590-3.1591, 3.1806, 5.590, 10.900-10.901, 10.910, 10.950-10.953,.

(a)     Purposes and Goals

The purposes and goals of the San Mateo Superior Court Civil Case Management System effective January 1, 1992 are:

(1)     To manage fairly and efficiently, from commencement to disposition, the processing of civil litigation.

(2)     To prepare the bench and bar for full implementation of the Trial Court Delay Reduction Act (A.B. 3820) on July 1, 1992; and

(3)     To encourage parties to agree to informal discovery early in the life of the case, to use standard form interrogatories and to promote alternative dispute resolution.  Nothing in these rules is intended to prevent the parties from stipulating to an earlier intervention by the court by way of a case management conference, settlement conference or any other intervention that seems appropriate.

(4)     In accordance with Sections 3.710-3.715, 10.900, 10.901 of the California Rules of Court, Local Rule 2.3 is adopted to advance the goals of Section 68603 of the Government Code and Section 2.1 of the Standards of Judicial Administration recommended by the Judicial Council.

(b)     Team concept

Beginning January 1, 1994 civil litigation will be managed primarily by a team of two program judges.

The clerk will assign the case to a program judge at the time the complaint is filed.  The case shall be managed by the assigned program judge until disposition or until the case is assigned to a trial department.

Superior Court of California, County of San Mateo

(c)     Cases filed after July 1, 1992

Upon the filing of a complaint after July 1, 1992, the case shall be subject to all of the civil case management system rules set forth below. Cases filed before July 1, 1992 shall also be subject to these rules except for subsection (d) (Filing and service of pleadings; exceptions):

(d)     Filing and service of pleadings; exceptions.

(1)     Complaint:  Except as provided in paragraph 5 below, plaintiff shall within 60 days after filing of the complaint serve the complaint on each defendant along with:

(A)     A blank copy of the Judicial Council Case Management Statement;

(B)     A copy of Local Rule 2.3;

(C)     The Notice of Case Management Conference.

If a matter has been submitted to arbitration pursuant to uninsured motorist insurance, the plaintiff shall file a notice to that effect with the court at the time of filing the complaint, or at the time the matter is submitted.  The notice shall include the name, address and telephone number of the insurance company, along with the claim number or other designation under which the matter is being processed.

(2)     Cross-complaint:  Except as provided in paragraph (5) below, each defendant shall within 30 days after answering the complaint file any cross-complaint (within 50 days if compliance with a governmental claims statute is a prerequisite to the cross-complaint)  not already served with the answer under Code of Civil Procedure section 428.50 and serve with that cross-complaint:

(A)     A blank copy of the Judicial Council Case Management Statement;

(B)     A copy of Local Rule 2.3;

(C)     The Notice of Case Management Conference.

(3)     Responsive pleadings:  Except as provided in paragraph 5 below, each party served with a complaint or cross-complaint shall file and serve a response within 30 days after service.  The parties may by written agreement stipulate to one 15-day extension to respond to a complaint or cross-complaint.

If the responsive pleading is a demurrer, motion to strike, motion to quash service of process, motion for a change of venue or a motion to stay or dismiss the case on forum non conveniens grounds, and the demurrer is overruled or the motion denied, a further responsive pleading shall be filed within 10 days following notice of the ruling unless otherwise ordered.  If a demurrer is sustained or a motion to strike is granted with leave to amend, an amended complaint shall be filed within 10 days following notice of the ruling unless otherwise ordered.  The court may fix a time for filing pleadings responsive to such amended complaint.

(4)     Proofs of service:  Proofs of service must be filed at least 10 calendar days before the case management conference.

(5)     Exceptions for longer periods of time to serve or respond:

(A)     Time to serve may be extended for good cause:  Upon ex parte application to the court, *in compliance with California Rules of Court 3.1200 –3.1206,* within 60 days of the date the complaint was filed, plaintiff may obtain an extension of time to serve to a

date on or before the case management conference, if good cause is shown by declaration of counsel (or plaintiff filing in propria persona). An additional extension of the time to serve (an initial extension if the application is by a cross-complainant) may be obtained upon written application to the court upon good cause shown before the prior extension has expired. The filing of a timely application for an extension will automatically extend the time to serve by five days, whether or not the application is granted.

Good cause will be found if the declaration shows that the action is filed against a defendant who is an uninsured motorist, and the plaintiff's claim is subject to an arbitration provision in plaintiff's contract of insurance. In determining good cause in other cases, the court will give due consideration to any standards, procedures and policies which have been developed in consultation with the bar of the county through the bench-bar trial court delay committee.

(B)    Additional extension of time if uninsured motorist arbitration is pending.  In addition to any extension of time obtained pursuant to subsection (5)(A) above, if an uninsured motorist arbitration is still pending between plaintiff and plaintiff's insurance carrier 30 days prior to the expiration of the extension, plaintiff may obtain an additional extension of time by an ex parte application supported by a declaration showing the scheduled or anticipated date of the arbitration hearing and the diligence of plaintiff in pursuing arbitration.

(C)    Time to respond may be extended for good cause:  Before the time to respond has expired, any party served with a complaint or cross-complaint may, with notice to all other parties in the action, make ex parte application to the court upon good cause shown for an extension of time to respond. The filing of a timely application for an extension will automatically extend the time to respond by five days, whether or not the application is granted.

(e)    Case management conference

(1)    Date of conference:  Unless the parties stipulate in writing and the court orders that the case be earlier referred to arbitration, a case management conference will be set by the clerk at the time the complaint is filed. (Government Code 68616) ·

(2)    Attendance at the case management conference is mandatory for all parties or their attorneys of record.

(3)    Plaintiff must serve the Notice of Case Management on all parties no later than 30 calendar days before the conference, unless otherwise ordered by the Court.

(4)    The Court will deem the case to be at-issue at the time of the conference (Reference: CRC 3.714(a)) absent a showing of extraordinary circumstances.

(5)    The conference may be set at an earlier date by order of the Court or by written stipulation of the parties.

(6)    Designation of trial counsel:  Trial counsel and, except for good cause shown, back-up trial counsel, must be specified at the case management conference. If such counsel is not specified, relief from the scheduled trial date may not be obtained based upon the ground that counsel is engaged elsewhere.

Superior Court of California, County of San Mateo

(7)     Conference orders:  At the initial conference, the program judge will make appropriate pre-trial orders that may include the following:

   (A)   An order referring the case to arbitration, mediation or other dispute resolution process;

   (B)   An order transferring the case to the limited jurisdiction of the superior court;

   (C)   An order assigning a trial date;

   (D)   An order identifying the case as one which may be protracted and determining what special administrative and judicial attention may be appropriate, including special assignment;

   (E)   An order identifying the case as one which may be amenable to early settlement or other alternative disposition technique;

   (F)   An order of discovery; including but not limited to establishing a discovery schedule, assignment to a discovery referee, and/or establishing a discovery cut-off date;

   (G)   An order scheduling the exchange of expert witness information;

   (H)   An order assigning a mandatory settlement conference date pursuant to Local Rule 2.3(k) and 2.4; and

   (I)   Other orders to achieve the interests of justice and the timely disposition of the case.

(8)     CourtCall Telephonic Appearances

   (A)   Reference CRC, Rule 3.670

   (B)   Procedure.  Telephonic appearances through the use of CourtCall, an independent vendor, are permitted at case management conference hearings.  A party wishing to make a telephone appearance must serve and file a Request for Telephone Appearance Form with CourtCall not less than five court days prior to the case management conference hearing.  Copies of the Request for CourtCall Appearance form and accompanying information sheet are available in the Clerk's office.  There is a fee to parties for each CourtCall appearance and fees are paid directly to CourtCall.  CourtCall will fax confirmation of the request to parties.

   (C)   On the day of the case management conference hearing, counsel and parties appearing by CourtCall must check-in five minutes prior to the hearing.  Check-in is accomplished by dialing the courtroom's dedicated toll-free teleconference number and access code that will be provided by CourtCall in the confirmation.  Any attorney or party calling after the check-in period shall be considered late for the hearing and shall be treated in the same manner as if the person had personally appeared late for the hearing.

   (D)   At a case management conference, parties may be referred to an appropriate dispute resolution ("ADR") process (e.g., mediation, binding arbitration or neutral evaluation).  If parties are referred ADR, they must redial the dedicated toll-free teleconference number immediately following their case management conference appearance and use a second CourtCall access code to telephonically appear at the ADR referral meeting with ADR staff.  If a case has been referred to ADR, a party's case management conference appearance is not complete until they have also telephonically

Superior Court of California, County of San Mateo

appeared at the mandatory ADR referral.  If parties are referred to judicial arbitration, they do not have to appear at the ADR referral.

(f)    Case Management Statement

At least 15 calendar days before the scheduled case management conference, each party shall file with the court and serve on all other parties a completed Judicial Council Case Management Statement.  If the case is set for further case management conference hearing(s), all parties must file updated Case Management Statements 15 (fifteen) calendar days prior to the scheduled hearings(s).

(g)    Appropriate Dispute Resolution, ADR, Policy Statement

The Court finds it is in the best interests of parties to litigation to participate in appropriate dispute resolution procedures, including but not limited to mediation, neutral evaluation, private or judicial arbitration, voluntary settlement conferences, and the use of special masters and referees.  Therefore, all parties shall stipulate to, or be referred to, an appropriate form of dispute resolution before being set for trial, unless there is good cause to dispense with this requirement. Parties are encouraged to stipulate to judicial arbitration or ADR prior to the case management conference.

(h)    Stipulations to Arbitration

(1)    If the case is at issue, and all counsel and each party appearing in propia persona stipulate in writing to judicial arbitration prior to the case management conference, discovery will remain open following judicial arbitration.  A written stipulation to judicial arbitration must be filed with the clerk and a copy immediately sent to the Master Calendar Coordinator at least 10 calendar days before the case management conference in order to avoid the need to appear at that conference.  A written stipulation to arbitrate will be deemed to be without a limit as to the amount of the award unless it expressly states otherwise.

(2)    It is the policy of this court to make every effort to process cases in a timely manner. Parties who elect or are ordered by the court to judicial arbitration must complete the arbitration hearing within the time frame specified by the court.

Parties who wish to continue the arbitration hearing after the jurisdictional time frame must submit a court provided form entitled "*Ex Parte Motion and Stipulation for continuance of Judicial arbitration Hearing.*"  Parties can obtain a copy of the form by contacting the court's judicial arbitration administrator [See Local Rule 10.1(d)(1)].  Continuances without adequate grounds will not be considered.  A case management judge will either grant or deny the request for continuance.  If the request is denied, the case may be assigned a trial date.  If the request is granted, the judge will impose a new deadline by which the arbitration must be completed.

(3)    Parties who wish to change their election from judicial arbitration to another form of ADR must file a "Stipulation and [Proposed] Order to [Mediation, Neutral Evaluation, etc.] in Lieu of [Court-Ordered] Judicial Arbitration" with the Clerk of the Court.  The Stipulation must state that parties have: (i) notified both the judicial arbitration and ADR coordinators; (ii) cancelled the judicial arbitration hearing; (iii) scheduled the ADR session within five months of the previously scheduled judicial arbitration hearing; and (iv) stipulated to a trial date, which is not more than six months from the previously scheduled judicial arbitration hearing.

(i)    Stipulations to Private ADR

Div II - Rules                                      205                              Revised 1/1/2012

Superior Court of California, County of San Mateo

(1) If a case is at issue and all counsel and each party appearing in propria persona stipulate in writing to ADR and file a completed Stipulation and Order to ADR with the clerk of the court at least ten (10) calendar days before the first scheduled case management conference, that conference shall be continued 90 days. The court shall notify all parties of the continued case management conference.

(2) If counsel and each party appearing in propria persona are unable to agree upon an appropriate ADR process, they shall appear at the case management conference.

(3) Following an appearance at a case management conference hearing, parties shall, within 21 calendar days , file a completed Stipulation to ADR and Proposed Order identifying the name of the ADR provider, date of ADR session and the names of those who will be in attendance at the ADR session. The completed Stipulation to ADR and Proposed Order shall be filed with the court by plaintiff's counsel. The parties, through counsel, if represented, shall confer with the court's Multi-Option ADR Project (M.A.P.) staff if they cannot agree on a provider. Plaintiff's counsel, shall additionally, send a copy of the completed Stipulation to the court's M.A.P. offices within the same 21-day period.

(4) All parties and counsel shall participate in the ADR process in good faith.

(5) To maintain the quality of ADR services the court requires cooperation from all parties, counsel and ADR providers in completing ADR evaluation forms, and returning these forms to the M.A.P. offices within 10 calendar days of the completion of the ADR process.

(6) ADR Program Complaint Policy If mediation session participants have a concern about the mediation process or the conduct of a mediator affiliated with the court's program, the court encourages them to speak directly with the mediator first. In accordance with California Rules of Court §3.865 et seq., parties may also address written complaints, referencing the specific Rule of Court allegedly violated, to the Court's Civil ADR Program Coordinator. (For complete complaint procedure guidelines, see court web site: www.sanmateocourt.org/adr/civil)

(7) In accordance with the Code of Civil Procedure, section 1033.5(c)(4), the court, in its discretion, may allow the prevailing party at trial the fees and expenses of the ADR provider, unless there is a contrary agreement by the parties.

(j)  Setting Short Cause Matters

If the parties agree that the time estimated for trial is 5 hours or less prior to the conference, a written stipulation shall be filed at least 10 calendar days before the case management conference in order to avoid the need to appear at that conference and a copy immediately sent to the Master Calendar Coordinator. In the absence of a stipulation, either party may file a motion to have the matter designated a "short cause" and set the case accordingly. All such matters shall be presumed short cause unless the contrary is established at the hearing on the motion.

(k)  Law and Motion

All law and motion matters shall be heard by the regularly assigned Law and Motion judge.

(l)  Settlement Conferences

All cases not assigned to arbitration or some other dispute resolution mechanism will be assigned two settlement conference dates, the first of which will be at the earliest practicable date under the circumstances presented by the case, and the second within approximately two weeks prior to the assigned trial date.

Superior Court of California, County of San Mateo

> Cases assigned to arbitration or other form of ADR may be subjected to a settlement conference prior to the arbitration or ADR process, but will be assigned to a pre-trial settlement conference only if the arbitration/ADR procedure fails to resolve the case.

> All cases which fail to resolve by the trial date will be subject to an additional settlement conference on the trial date.

> *All* settlement conferences shall be subject to the requirements specified in Local Rule 2.4.

(m)     Sanctions

> Sanctions pursuant to CRC 2.30 shall be imposed for any violation of the civil case management system rules. The minimum sanction imposed shall be $150.00 payable to the court; sanctions payable to the court may be larger where appropriate and will be in addition to appropriate attorney fees and calendar changes, including any appropriate change in calendar status of the action.

> Sanctions mandated hereby may be waived by the judge conducting the conference only upon an application showing good cause why sanctions should not be imposed.

> (Adopted, effective July 1, 1996)(Amended, effective January 1,2000) (Amended, effective January 1, 2003) (Amended effective July 1, 2003) (Amended, effective January 1, 2005)(Amended, effective January 1, 2006) (Amended, effective January 1, 2007) (Amended, effective January 1, 2010)

Rule 2.3.1 Orders to Show Cause re: Dismissals

(a)     A hearing on an order to show cause why the case should not be dismissed for failure to prosecute the matter shall be set at the two year anniversary of the filing of the complaint and/or cross-complaint.

(b)     An order to show cause hearing shall be set 45 days after court's receipt of notice of settlement.

(c)     An order to show cause hearing regarding dismissals may be set by the court to achieve the interests of justice and the timely disposition of the case.

(d)     An order to show cause hearing re: failure to complete judicial arbitration within the court-ordered time frame may be heard during the case management calendar. Sanctions may be imposed and a trial date may be assigned.

> (Adopted, effective January 1, 2000) (Amended, effective January 1, 2003)(Amended, effective January 1, 2006)

Rule 2.4 Settlement Conference

> Reference: California Rule of Court, rule 3.138.

(a)     At all settlement conferences, notwithstanding any other Rule:

> (1)     The attorney who will try the case or an informed associate with full authority to negotiate a settlement of the case shall personally attend.

> (2)     Any persons whose consent is required to authorize settlement shall personally attend; those parties that are corporations shall have in attendance an officer or other employee with authority to bind the corporation. Powers of attorney, oral or written, granting counsel settlement authority are unacceptable as a substitute for personal attendance at this conference. Defendant and cross-defendant shall personally attend if there is no insurance coverage, if there is an

Div II - Rules                                          207                                          Revised 1/1/2012

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                           FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
  STREET ADDRESS:
  MAILING ADDRESS:
  CITY AND ZIP CODE:
  BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT<br>*(Check one):* ☐ UNLIMITED CASE      ☐ LIMITED CASE<br>(Amount demanded            (Amount demanded is $25,000<br>exceeds $25,000)            or less) | CASE NUMBER: |
|---|---|

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                    Time:                    Dept.:            Div.:            Room:

Address of court *(if different from the address above)*:

☐ Notice of Intent to Appear by Telephone,  by *(name)*:

---

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one)*:
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:

      (3) ☐ have had a default entered against them *(specify names)*:

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint     *(Describe, including causes of action)*:

---

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
    The party or parties request ☐ a jury trial ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
    a. ☐  The trial has been set for *(date):*
    b. ☐  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

    c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
    The party or parties estimate that the trial will take *(check one):*
    a. ☐  days *(specify number):*
    b. ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
    The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
    a.  Attorney:
    b.  Firm:
    c.  Address:
    d.  Telephone number:                                   f.  Fax number:
    e.  E-mail address:                                      g.  Party represented:
    ☐  Additional representation is described in Attachment 8.

9.  **Preference**
    ☐  This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
    a.  ADR information package. Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

    (1) For parties represented by counsel: Counsel ☐ has ☐ has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

    (2) For self-represented parties: Party ☐ has ☐ has not  reviewed the ADR information package identified in rule 3.221.

    b.  Referral to judicial arbitration or civil action mediation *(if available).*
    (1) ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

    (2). ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

    (3) ☐  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (check all that apply and provide the specified information):

| | The party or parties completing this form are willing to participate in the following ADR processes (check all that apply): | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for (date):<br>☐ Agreed to complete mediation by (date):<br>☐ Mediation completed on (date): |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (date):<br>☐ Agreed to complete settlement conference by (date):<br>☐ Settlement conference completed on (date): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for (date):<br>☐ Agreed to complete neutral evaluation by (date):<br>☐ Neutral evaluation completed on (date): |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for (date):<br>☐ Agreed to complete judicial arbitration by (date):<br>☐ Judicial arbitration completed on (date): |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for (date):<br>☐ Agreed to complete private arbitration by (date):<br>☐ Private arbitration completed on (date): |
| (6) Other (specify): | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for (date):<br>☐ Agreed to complete ADR session by (date):<br>☐ ADR completed on (date): |

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| | | |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____
(TYPE OR PRINT NAME)

▷ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▷ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

# FREQUENTLY ASKED QUESTIONS
## FOR ATTORNEYS AND PARTIES

### Nonrefundable Jury Fee
### (Assem. Bill 1481 (2011-2012 Reg. Sess.))
### Effective September 17, 2012

| | | |
|---|---|---|
| 1.1 | Q. What is the nonrefundable jury fee? | A: At least one party demanding a jury on each side of a civil case must pay a non-refundable fee of one hundred fifty dollars ($150), unless the fee has been paid by another party on the same side of the case. (Code Civ. Proc., § 631(b).) ).) If there are multiple plaintiffs and/or defendants in the same case, only one jury fee per side is *required* to avoid waiver of a jury under Code of Civil Procedure section 631(f). |
| 1.2 | Q: What are the deadlines for paying the nonrefundable jury fee? | A: The nonrefundable jury fee must be paid on or before the date scheduled for the initial case management conference in the action, except as follows:<br><br>1. In unlawful detainer actions the fees shall be due at least five days before the date set for trial.<br><br>2. If no case management conference is scheduled in a civil action, or the initial case management conference occurred before June 28, 2012 and the initial complaint was filed *after* July 1, 2011, the fee shall be due no later than 365 calendar days after the filing of the initial complaint.<br><br>3. If the initial case management conference was held before June 28, 2012 and the initial complaint in the case was filed *before* July 1, 2011, the fee shall be due at least 25 calendar days before the date initially set for trial.<br><br>4. If the party requesting a jury has not appeared before the initial case management conference, or first appeared more than 365 calendar days after the filing of the initial complaint, the fee shall be due at least 25 calendar days before the date initially set for trial. (Code Civ. Proc., § 631(c).) |

| 1.3 | Q: What if a party misses the deadline to pay the nonrefundable jury fee? | A: Except under the circumstances provided in Code of Civil Procedure section 631(d), (discussed in FAQ 1.4), a party has waived the right to a trial by jury in that action, unless another party on the same side of the case timely paid the nonrefundable jury fee. (Code Civ. Proc., § 631(f)(5).)<br><br>Note: The court may, in its discretion upon just terms, allow a trial by jury despite the waiver. (Code Civ. Proc., § 631(g).) |
|---|---|---|
| 1.4 | Q: What if a party missed a deadline to pay the nonrefundable jury fee between June 27, 2012 and November 30, 2012? | A: If a party failed to timely pay a nonrefundable jury fee that was due between June 27, 2012, and November 30, 2012, inclusive, the party will be relieved of a jury waiver on that basis only, if the party pays the fee on or before December 31, 2012 or 25 calendar days before the date initially set for trial, whichever is earlier. (Code Civ. Proc., § 631(d).) |
| 1.5 | Q: May a clerk accept payment of a nonrefundable jury fee after the deadline has passed? | A: There is nothing in the recent amendments to Code of Civil Procedure section 631 that directs or authorizes courts to refuse a late payment of the nonrefundable jury fee. Absent this direction or authority, the clerk likely should accept advance jury fees tendered by a party, provide a receipt, and record in the court file the date the fees were received. (See *People v. Funches* (1998) 67 Cal.App.4th 240, 244 [court clerks "must act in strict conformity with statutes, rules, or orders of the court" defining their duties, and have "no power to decide questions of law nor any discretion in performing" their duties.])<br><br>Note: Except as provided in Code of Civil Procedure section 631(d), only a judge has the authority to grant a jury trial following a waiver. |
| 1.6 | Q: Is payment of the nonrefundable jury fee required if the party does not want to retain the right to a jury in the action? | A: No. Only parties that want to retain the right to a jury must pay the nonrefundable jury fees. |
| 1.7 | Q: May the nonrefundable jury fee be waived because of a party's financial condition? | A: Yes. A court may (but is not required to) waive jury fees and expenses, and other fees or expenses itemized in an application for a fee waiver under rule 3.56(1) and (6) of the California Rules of Court. |

| 1.8 | Q: May the court waive the nonrefundable jury fee for government entities under Government Code section 6103? | A: No. Government Code section 6103 explicitly states: "This section does not apply to civil jury fees or civil jury deposits." Although this exception to the fee waiver for government entities predates the creation of the nonrefundable jury fee, the plain language of the exception applies to the nonrefundable jury fee. |
|---|---|---|
| 1.9 | Q: If more than one party on a side pays the nonrefundable jury fee, is any refund of the additional fee due? | A: No. Code of Civil Procedure 631(b) requires "*at least* one party demanding a jury on each side" to pay the nonrefundable jury fee, "unless the fee has been paid by another party on the same side of the case." (Emphasis added.) In addition, Code of Civil Procedure section 631.3, which governs refunds of jury fees states in subdivision (c) that the "fee described in subdivision (b) of Section 631 shall be nonrefundable and is not subject to this section. Therefore, although they are not required to pay the jury fee, if additional parties on a side pay the nonrefundable jury fee, that fee is still nonrefundable. The additional fee may not be used to offset actual juror fees or mileage, either. |
| 1.10 | Q: Are any jury fees refundable? | A: Yes. Any $150 advance jury fee deposited *before* June 28, 2012 may be refunded upon request of a party as provided under Code of Civil Procedure section 631.3. Similarly, any jury fees other than the $150 advance jury fees that are deposited, but not used, may be refunded upon request of a party as provided under Code of Civil Procedure section 631.3. |
| | | |