UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMON KATZ,<br><br>    Plaintiff,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC,<br><br>    Defendant. | Case No. 4:19-cv-01553-KAW<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY ALL PROCEEDINGS**<br><br>Re: Dkt. No. 19 |

On June 24, 2019, Defendant BMW of North America, LLC filed a motion to compel arbitration and stay all proceedings.

Upon review of the moving papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, GRANTS Defendant's motion to compel arbitration.

## I. BACKGROUND

On May 12, 2017, Plaintiff leased a BMW M3, serial number WBS8M9C50H5G42179 ("Subject Vehicle"), from Peter Pan BMW ("the Dealer"). (Compl., Dkt. No. 1-1 at 2-3.[1]) Plaintiff alleges that, "in connection with the lease, Plaintiff received the express warranty of the manufacturer in that the written statement of Defendants…. accompanied the product." (Compl., 3:11-14.) Plaintiff alleges that Defendant BMW of North America, LLC "failed to conform the vehicle to their express warranty within a reasonable number of attempts or within 30 days." (Compl., 4:8-10.) Plaintiff alleges violations of express and implied warranties under the Song-

---

[1] Plaintiff's complaint does not have sequentially-numbered paragraphs as required by Rule 10 of the Federal Rules of Civil Procedure, so all citations to the complaint will be to page and line numbers.

Beverly Consumer Warranty Act. Plaintiff initially sued both Defendant and the Dealer, but subsequently dismissed the Dealer before this case was removed to federal court. (Dismissal, Decl. of Reuthana Tap, "Tap Decl.," Dkt. No. 26-1 ¶ 2, Ex. A.)

The Lease Agreement is a 7-page document titled "BMW Financial Services NA, LLC – Lease Agreement Motor Vehicle Lease Agreement (Closed End) – California." (Lease Agreement, RJN, Dkt. No. 20, Ex. A at 1.) The Lease Agreement states that it "is entered into between the lessee and … and the lessor ("Lessor")" and that "BMW FS will administer this Lease on behalf of itself or any assignee." (Lease Agreement at 1.) The Lease Agreement contains the following arbitration clause:

> 38. ARBITRATION CLAUSE
>
> PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS.
>
> NOTICE: Either you or I may choose to have any dispute between us decided by arbitration and not in a court or by jury trial.
>
> * * * *
>
> "Claim" broadly means any claim, dispute or controversy, whether in contract, tort, statute or otherwise, whether preexisting, present or future, between me and you or your employees, officers, directors, affiliates, successors or assigns, or between me and any third parties if I assert a Claim against such parties in connection with a Claim I assert against you, which arises out of or relates to my credit application, lease, purchase or condition of this Vehicle (including any such relationship with third parties who do not sign this Lease).
>
> * * * *
>
> This Lease involves interstate commerce and this Arbitration Clause and any arbitration hereunder shall be governed by the Federal Arbitration Act, 9 U.S.C. § 1 et seq. ("FAA") and not by any state law concerning arbitration.

(Lease Agreement at 6.) Plaintiff signed the lease agreement, which contained the arbitration clause, on May 12, 2017. (Lease Agreement at 7.) The Lease Agreement further provides that "'Assignee' refers to BMW Financial Services NA, LLC" ("BMW FS")." (Lease Agreement at 1.) Defendant is a manager of BMW FS. (RJN, Ex. B.)

Thereafter, Plaintiff presumably experienced problems with the Subject Vehicle, and filed

1    this lawsuit on November 27, 2018. (*See* Compl. at 3.)

2    On June 24, 2019, Defendant filed a motion to compel arbitration. (Def.'s Mot., Dkt. No.
3    19). On July 8, 2019, Plaintiff filed his opposition. (Pl.'s Opp'n, Dkt. No. 25.) On July 15, 2019,
4    Defendant filed its reply. (Def.'s Reply, Dkt. No. 26.)

## II.    LEGAL STANDARD

### A.    Motion to Compel Arbitration

Under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds that exist at law or in equity for the revocation of a contract." 9 U.S.C. § 2. "Once the court has determined that an arbitration agreement relates to a transaction involving interstate commerce, thereby falling under the FAA, the court's only role is to determine whether a valid arbitration agreement exists and whether the scope of the dispute falls within that agreement." *Ramirez v. Cintas Corp.*, No. C 04-00281 JSW, 2005 WL 2894628, at *3 (N.D. Cal. Nov. 2, 2005) (citing 9 U.S.C. § 4; *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)).

### B.    Request for Judicial Notice

A district court may take notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *United States v. Bernal–Obeso,* 989 F.2d 331, 333 (9th Cir. 1993). "[A] court may take judicial notice of 'matters of public record,'" *Lee*, 250 F.3d at 689 (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). The court need not accept as true allegations that contradict facts which may be judicially noticed. *See Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

27   //
28   //

3

United States District Court
Northern District of California

### III. DISCUSSION

#### A. Request for Judicial Notice

As a preliminary matter, Defendant asks that the Court take judicial notice of two documents in support of its motion: A) the BMW Financial Services, NA, LLC Lease Agreement for the subject vehicle, dated May 12, 2017, between Peter Pan BMW and Plaintiff; and B) BMW Financial Services NA, LLC's Statement of Information, filed with the California Secretary of State. (Req. for Judicial Notice, "RJN," Dkt. No. 20," Exs. A & B.)

Plaintiff did not object to the request for judicial notice. The Lease Agreement is attached to Plaintiff's complaint, rendering it a true and correct copy of a court record, which is subject to judicial notice. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980). The Statement of Information is a true and correct copy of an official public record, whose authenticity is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b).

Accordingly, the Court GRANTS Defendant's request for judicial notice.

#### B. Motion to Compel Arbitration

In the instant motion, Defendant seeks to compel arbitration consistent with the arbitration clause. Plaintiff argues separately that (1) Defendant does not have standing to enforce the agreement; (2) Defendant is equitably estopped from doing so; and (3) to compel a buyer to arbitrate his claims under the Song-Beverly Consumer Warranty Act is unconscionable and void as against public policy. Under California law, the party opposing arbitration bears the burden of proving that the arbitration provision is unenforceable. *Sonic-Calabasas A, Inc. v. Moreno*, 57 Cal. 4th 1109, 1149 (2013).

##### i. Defendant has standing to enforce the arbitration clause as an affiliate.

Plaintiff contends that Defendant is not a signatory or party to the Lease Agreement between Plaintiff and the Dealer, and, therefore, does not have standing to enforce the arbitration clause. (Pl.'s Opp'n at 2-3.) Generally, the right to compel arbitration is a contractual right that may not be invoked by a non-party to the agreement. *Mance v. Mercedes-Benz USA*, 901 F. Supp. 2d 1147, 1155 (N.D. Cal. 2012) (quoting *Britton v. Co-op Banking Group*, 4 F.3d 742, 744 (9th

Cir. 1993) (citation omitted). In some circumstances, however, a nonsignatory can enforce an arbitration clause as a third-party beneficiary. *Mance,* 901 F. Supp. 2d at 1155 (quoting *Amisil Holdings Ltd. v. Clarium Capital Mgmt.*, 622 F. Supp. 2d 825, 830-31 (N.D. Cal. 2007)).

Here, the Lease Agreement clearly states that the terms "you" and "your" refer to the Lessor (the Dealer) or Lessor's assignee, which is BMW FS. (Lease Agreement at 1, ¶ 2.) According to BMW FS's Statement of Information, filed with the California Secretary of State, it is managed by Defendant. (RJN, Ex. B.) Moreover, the arbitration clause broadly defines a "claim" as "any claim, dispute or controversy, whether in contract, tort, statute or otherwise, whether preexisting, present or future, between me and you or your employees, officers, directors, affiliates, successors, or assigns." (Lease Agreement at 7.) Thus, BMW FS is an assignee bound by the terms of the Lease Agreement, and Defendant, as the managing entity, is an affiliate of BMW FS. Furthermore, the Court notes that the Lease Agreement contemplates that Defendant, rather than BMW FS or the Dealer, would provide the warranty covering the condition of the vehicle. (*See* Def.'s Mot. at 8; Lease Agreement at 3.)

Accordingly, Defendant has standing to enforce the arbitration clause as an affiliate of the Lessor's assignee.

### ii. Equitable Estoppel

Alternatively, Defendant may enforce the arbitration clause under an estoppel theory. Equitable estoppel may support a nonsignatory's right to compel arbitration "when the signatory's claims against a nonsignatory arise out of the underlying contract." *Mance*, 901 F. Supp. 2d at 1155–56. Here, Plaintiff's claim arises from the manufacturer's warranty contained in the Lease Agreement. With the dismissal of the signatory defendant (the Dealer) prior to removal, it would be unfair to permit Plaintiff to hold the nonsignatory defendant liable under the terms of the agreement's warranty while, at the same time, circumventing the contract's mandate to arbitrate. *See Mance*, 901 F. Supp. 2d at 1157.

Plaintiff's argument that the Lease Agreement did not incorporate the "New Vehicle Limited Warranty" provided by Defendant and that the allegations are independent of any term or condition of Lease Agreement are unavailing. (*See* Pl.'s Opp'n at 4.) First, the Lease Agreement

5

provides "[i]f the Vehicle is new, the Vehicle is subject to the standard manufacturer's new vehicle warranty." (Lease Agreement at 3, ¶ 16.) Second, the complaint states that "[in] connection with the lease, Plaintiff received the express warranty of the manufacturer… accompanied the product." (Compl. at 3:11-14.) Furthermore, Plaintiff seeks damages "under the lease contract, in the amount of $91,537.06." (Compl. at 4:22-24.) As a result, Plaintiff's claim against Defendant is intertwined with the Lease Agreement containing the arbitration clause.

Accordingly, Defendant also has standing to compel arbitration under the doctrine of equitable estoppel.

### iii. Unconscionability

Plaintiff contends that the arbitration clause is not valid and enforceable on the grounds that it is unconscionable under California law. (Pls.' Opp'n at 5.)

"Under the FAA savings clause, state law that arose to govern issues concerning the validity, revocability, and enforceability of contracts generally remains applicable to arbitration agreements." *Kilgore v. KeyBank, Nat'l Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013); *see also Sanchez v. Valencia Holding Co., LLC*, 61 Cal. 4th 899, 910 (2015). Thus, under California law, an arbitration agreement may only be invalidated for unconscionability if it is both procedurally and substantively unconscionable. *Kilgore*, 718 F.3d at 1058 (citing *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 114 (2000)). "[T]he more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *Armendariz*, 24 Cal. 4th at 114. "[T]he party opposing arbitration has the burden of proving the arbitration provision is unconscionable." *Higgins v. Superior Court*, 140 Cal.App.4th 1238, 1249 (2006) (quotation omitted).

#### a. Procedural Unconscionability

Procedural unconscionability "addresses the circumstances of contract negotiation and formation, focusing on oppression or surprise due to unequal bargaining power." *Pinnacle Museum Tower Ass'n. v. Pinnacle Market Development*, 55 Cal. 4th 223, 246 (2012); *see also Kilgore,* 718 F.3d at 1059. To establish procedural unconscionability, Plaintiff must demonstrate that she was surprised by some aspect of the agreement, or that her consent to its terms was

6

obtained under coercion or duress. *Sanchez v. Carmax Auto Superstores Ca., LLC*, 224 Cal. App. 4th 398, 402-03 (2014); *Serpa v. Cal. Suerty Investigations, Inc.*, 215 Cal. App. 4th 695, 704 (2013).

Plaintiff contends that because the contract was one of adhesion, it is procedurally unconscionable. (Pl.'s Opp'n 6.) An arbitration clause, however, is not unenforceable because it is offered on a "take it or leave it" basis. *Sanchez v. Valencia Holding Co.*, LLC, 61 Cal. 4th 899, 915 (2015). The adhesive nature of the Lease Agreement is sufficient to establish a minimal degree of procedural unconscionability absent surprise or duress. *See id.* at 915; *see also Baltazar v. Forever 21, Inc.*, 62 Cal. App. 4th 1237, 1245 (2016). Even so, the finding of minimal procedural unconscionability requires that courts scrutinize the substantive terms to ensure that they are not "manifestly unfair or one-sided." *Sanchez,* 61 Cal. 4th at 915 (citation omitted).

### b. Substantive Unconscionability

Plaintiff contends that the arbitration provision is substantively unconscionable, because he is required to pay arbitration costs, since his claim exceeds $25,000. (Pl.'s Opp'n at 9.) An arbitration provision is substantively unconscionable if it is "overly harsh" or generates "one-sided" results. *Armendariz,* 24 Cal. 4th at 114. Plaintiffs must prove a "high degree" of substantive unconscionability to avoid arbitration because the arbitration clause is, at most, minimally procedurally unconscionable.

Here, Plaintiff claims only that paying arbitration costs "is substantively unfair and would prejudice the Plaintiff." (Pl.'s Opp'n at 9.) Like the plaintiff in *Sanchez,* Plaintiff does not claim that he cannot afford to pay his portion of the arbitration costs. 61 Cal. 4th at 921. He simply does not want to pay, but the fact that he would not be required to do so if the claim was less than $25,000 does not render the arbitration clause unconscionable. The California Supreme Court has recognized that consumers face less economic pressure than employees, and that the Legislature has concluded that an ability-to-pay approach is appropriate in the context of consumer arbitration agreements. *Sanchez,* 61 Cal 4th at 920. That the arbitration of Plaintiff's claim may require him to pay some of the cost does not automatically give rise to substantive unconscionability. Rather, the courts are required to engage in a case-by-case determination regarding affordability. *Id.* at

919. Here, Plaintiff's claim involves a luxury car with an alleged repurchase price of $93,537.06. (*See* Pl.'s Opp'n at 9.) His regular monthly payment was $1,025.66 for a 36 month lease term. (Lease Agreement at 2.) Plaintiff does not claim to have experienced a change in financial situation, so the Court declines to find the requirement that he pay his portion of the arbitration fees one-sided or overly harsh.

Accordingly, the arbitration clause is not unconscionable.

### iv. Arbitration does not violate the Song-Beverly Act.

Lastly, Plaintiff argues that enforcing the arbitration provision would deprive him of his rights under the Song-Beverly Act, because there is no evidence that Defendant has complied with the California Civil Code § 1793.22. (Pl.'s Opp'n at 6-9.) The Tanner Consumer Protection Act, codified in Section 1793.22, enabled manufacturers to establish an elective, prelitigation, "qualified third-party dispute resolution process. (Def.'s Reply at 6 (citing *Cummins, Inc. v. Superior Court*, 36 Cal. 4th 478, 485-86 (Cal. 2005)). It is not required, but if such a program exists and consumers decide to participate, they may later elect to discard the results and proceed with a lawsuit. Cal. Civ. Code § 1793.22(d)(2). The statutory provision encourages manufacturers to maintains these prelitigation processes by conferring "certain advantages, including an exemption from the civil penalty unless the manufacturer has willfully violated the law." *Cummins, Inc.*, 36 Cal. 4th at 486 (citing Cal. Civ. Code §§ 1794(c),(e)(2).)

Defendant maintains a qualified third party dispute resolution program that complies with Section 1793.22. (Def.'s Reply at 7; Tap Decl. ¶ 3, Ex. B.) Plaintiff, however, chose not to participate in the program and filed the instant lawsuit instead.

Regardless, the Tanner Consumer Protection Act does not conflict with the inclusion of the arbitration clause nor is it a barrier to compelling arbitration.

//
//
//
//
//

8

## IV. CONCLUSION

For the reasons set forth above, Defendant has standing to enforce the arbitration clause contained in the Lease Agreement. Accordingly, the Court GRANTS Defendant's motion to compel arbitration. The Court hereby stays the proceedings in the instant case pending resolution of the arbitration proceeding pursuant to 9 U.S.C. § 3.

IT IS SO ORDERED.

Dated: September 17, 2019

KANDIS A. WESTMORE
United States Magistrate Judge